RICH et al., EXRS., v. SOWLES, ADMR., et al.

FRANKLIN COUNTY, 1893.

Before:   Ross, CH. J., TAFT, ROWELL AND TYLER, JJ.

*Trustee process.   Bond in discharge of trustee.   Liability of trustee immaterial.   Taken by justice after appeal.*

1.   A bond given in a suit begun by trustee process to discharge the trustee, under the provisions of R. L. § 1,084, which is conditioned to pay any judgment against the defendant "as administrator," that being also the description of the defendant in the writ, declaration and judgment, is enforceable, although the judgment is in legal effect against the defendant personally.

2.   The sureties upon such a bond cannot show in defence of an action upon it, that the trustee was not in fact chargeable. Their undertaking is an absolute one to pay whatever judgment may be obtained.

3.   Nor can they object that the bond was taken and the trustee discharged by a justice of the peace after the appeal had been taken from his judgment in the original suit.

Debt on bond.   Trial by court at the September term, 1892, START, J., presiding.   Judgment for the plaintiffs. The defendants except.   The opinion states the case.

*E. A. Sowles* and *H. A. Burt* for the defendants.

The sureties became liable to pay any judgment against

the defendant "as administrator." They cannot he held for a personal judgment. *St: Albans Bank* v. *Dillon*, 30 Vt. 122; Freeman Judg. § 156; 2 Smith's Lead. Cas. 589; 2 Phil. Ev., pp. 11, 12.

The liability of the sureties was that of a receiptor. They cannot be held unless the trustee was chargeable. *Adams* v. *Fox*, 17 Vt. 365; *Leonard, Admr.*, v. *Bryant*, 13 Mass. 224; *Roberts* v. *Carpenter*, 53 Vt. 678.

*Stephen E. Royce* and *Hogan & Royce* for the plaintiffs.

The sureties on this bond are not receiptors. The bond is a new and independent security, and the liability of the original trustee is immaterial. *Bildersee* v. *Aden*, 62 Barb. 175; *Abbott* v. *Williams*, 15 Col. 512; *Washer* v. *Campbell*, 40 Kan. 398; *Cross* v. *Richardson*, 30 Vt. 641; *Forster* v. *Fuller*, 6 Mass. 58; *Blake* v. *Peck*, 11 Vt. 483.

The sureties were bound to know that the bond was not binding upon the estate, but upon Albert Sowles personally. *Rich* v. *Sowles*, 64 Vt.; *Bank* v. *Weeks*, 53 Vt. 115; *Prouty* v. *Mather*, 49 Vt. 415; *Lovell* v. *Field*, 5 Vt. 218.

TAFT, J. The plaintiffs herein sued the defendant Sowles, and summoned one Fonda as trustee. Under R. L. §§ 1,084–8, the defendants in this action gave a bond, and the trustee was discharged. This suit is brought to enforce the bond. The defendants insist that no recovery can be had, as the condition is to pay any judgment recovered against Albert Sowles as administrator, and that the judgment was against him individually. The description of the defendant Sowles was the same in the writ, declaration, bond and judgment. The judgment was against Sowles personally, however he may have been described. As said by Ross, Ch. J., in the opinion in that case, 64 Vt. 408, "Rendering judgment against the defendant as administrator did not make it a judgment to be enforced against the

property of the estate, but to be enforced against the defend-
ant's own property." The sureties are presumed to have
known the general law of the land in respect of their
assumed liabilities incurred by signing the bond, and must
be held to pay any judgment rendered against the defendant
in the action.

II. Was evidence admissible to show that the trustee was
not liable, and thus defeat the present action? We hold it
was not. The bond is conditioned to pay the judgment
recovered against the principal defendant, not to pay any
sum for which the trustee might be held chargeable. Upon
giving the bond and the discharge of the trustee, the liabil-
ity of the latter became immaterial.

In *Cross* v. *Richardson*, 30 Vt. 641, the discharge of a
trustee by agreement was held a sufficient consideration to
support a promise, although the trustee could not be held
liable.

III. It is further urged that the bond is null, for that the
justice had no power after the appeal to accept it and dis-
charge the trustee; and this upon the ground that after the
appeal the suit was not pending before the justice, and that
he had no jurisdiction therein. The plaintiffs in the suit in
which the bond was given undoubtedly had the right to
have the statute strictly followed, and unless so done might
have had good ground for opposing the discharge of the
trustee; but if they were satisfied with the discharge of the
trustee, the defendants have no reason to complain. Hav-
ing voluntarily executed the bond in consideration of the
discharge of the trustee, and by such means having pro-
cured the discharge, it is difficult to see upon what ground
it can be held invalid. We think it would be valid without
the aid of the statute.

*The judgment is affirmed.*