JOSEPH GREENGARD v. H. A. FRETZ and Others.[1]

January 28, 1896.

Nos. 9795—(260).

### Garnishment—Bond to Release—Estoppel of Sureties.

The obligors upon a bond given to procure the discharge of a garnishee as provided in G. S. 1894, § 5342, in which it was admitted that the plaintiff had garnished the money, property, and effects of the defendant in the hands of the garnishee, are estopped in an action upon the bond, and cannot be permitted to assert that the admission was false.

### Same—Burden of Proof.

On the trial of such an action the burden is upon the defendants to identify the indebtedness due, or the property or effects in the hands of the garnishee, impounded by the proceeding which they have dissolved.

Appeal by plaintiff from an order of the district court for Morrison county, Baxter, J., denying a motion for a new trial. Reversed.

[1] Reported in 65 N. W. 949.

*Lindbergh, Blanchard & Lindbergh* and *G. W. Stewart*, for appellant.

*Taylor, Calhoun & Rhodes*, for respondents.

COLLINS, J. This action was upon a bond executed to procure the discharge of a co-partnership garnishee, conditioned as provided in G. S. 1894, § 5342. It was recited in this instrument that plaintiff had commenced an action against the defendant, and had garnished money, property, and effects of the latter in the hands of the garnishee. On the trial it was shown by the plaintiff that the garnishee, at the time of the service of the summons, was indebted to the defendant therein in a sum in excess of the judgment recovered by plaintiff in the original action, unless the claim had previously been lawfully assigned by defendant to one of the sureties on the bond. Against plaintiff's objection, the court below allowed defendants to introduce evidence tending to show that the day before the garnishment—the bond being executed and filed three days afterwards—the indebtedness in question had been transferred, by written assignment by the principal in the bond, to a surety; and then, upon all of the testimony relative to this alleged transfer, the court directed a verdict in defendants' favor, thus taking from the jury all questions as to the fact or good faith of the assignment.

The first question is whether, under the terms of the bond, the principal or sureties thereon can be allowed to assert that at the time of the garnishment there was nothing due defendant. In view of the language found in the statute which authorizes the release of a garnishee upon the approval and filing of such a bond, and the recital in the bond itself that defendant's money, property, and effects had been garnished, there can be but one answer to this question.

Section 5342, supra, provides that a defendant may execute a bond, with sureties, to a plaintiff, when money, property, or effects have been garnished, conditioned that if the latter recover judgment in the action the former will pay the same, or an amount thereon equal to the value of the garnished money, property, or effects. The officer who has approved the bond thereupon makes an order discharging the garnishment, and releasing the money,

property, and effects, and the defendant then has full power to receive and collect the same. It would seem a singular construction of this statute if it should be held that a defendant who has no interest whatsoever in money, property, or effects in the hands of a third party who has been warned to answer in garnishee proceedings, has the right to intrude himself and his sureties into a matter of no consequence to him or them, and, by means of a bond, discharge the garnishee, and procure the release of the money, property, or effects tied up by the process. Yet that is what is claimed for the statute by respondents' counsel. It would appear from the language used that this provision of the statute was designed for the relief of defendants whose money or property or effects have actually been reached by process which deprives them of immediate collection or possession, and was not intended to be available to a defendant who is wholly indifferent as to the result of the garnishee process. If this be the proper construction of section 5342, it would seem to follow that a defendant and his sureties who gratuitously interfere in a matter of no concern to them, by executing and filing a bond conditioned as this was, changing the whole course of the proceeding, absolving the garnishee from all liability to the plaintiff, and preventing his examination in the manner prescribed by statute, are not in a position to assert, when suit is brought on the bond, that the garnishee was not indebted to the defendant in some amount, or that he had no money or property or effects in his hands or under his control belonging to such defendant.

But we are not obliged to decide, solely because of the language found in the statute, that the principal and the sureties on the bond cannot be permitted to deny that any indebtedness existed, and that no money, property, or effects belonging to the defendant were in the possession of the garnishee; for, as before stated, it was admitted in the instrument. It was therein stated that plaintiff had garnished the money, property, and effects of the defendant in the hands of the garnishee. This was an admission in a judicial proceeding which these defendants, who made it, are estopped to controvert. It was an assertion that defendant's money or property had been subjected to a valid garnishment, and having made the assertion in a bond which, because of the statute author-

izing it, plaintiff was compelled to accept as a substitute for a proceeding he had already instituted to reach defendant's money and property, the latter, and those who asserted the same thing, cannot be permitted to repudiate and disavow it. See Johnston v. Oliver, 51 Ohio St. 6, 36 N. E. 458.

The conditions of the bond in question are the same, with the necessary verbal changes, as those prescribed for a bond to obtain the discharge of an attachment. G. S. 1894, § 5299. We think no one would question the proposition that if the indebtedness in question had been attached under a writ, as it might have been (Id. § 5293), instead of being impounded through garnishee process, and the statutory bond had been filed, containing the admission found in the bond now involved, and the attached debt thereby released, the obligors would not be permitted to contest it upon grounds inconsistent with the truth of the admission. It has been held in this court that this is the rule where a defendant in attachment proceedings has receipted to the sheriff for attached personal property. Easton v. Goodwin, 22 Minn. 426. And, on principle, no distinction can be made between a bond and a receipt, if each contains admissions of the same force and character. No distinction seems to have been made by the courts between the liability of receiptors of attached property, and the obligation assumed by persons who have executed and filed dissolution bonds, if both instruments contain the admission we have referred to. Birdsall v. Wheeler, 58 Conn. 429, 20 Atl. 607; Peterson v. Woollen, 48 Kan. 770, 30 Pac. 128. The reasons for the rule applied in all cases of this nature are well stated in 1 Greenleaf, Ev. § 22.

The only distinction which can be pointed out between bonds or receipts which dissolve attachments, and bonds which perform the same function in garnishee proceedings, is that by means of the actual seizure in attachments the property or the debt seized is actually and fully identified, while a garnishment proceeding is a drag-net in which may be caught any indebtedness or any property. The thing or the subject impounded by service of the garnishment is not and cannot be identified with certainty until a disclosure is had. But in both cases alike the ordinary course of a judicial proceeding has been interfered with, and a substitute

for the means authorized for the collection of the debt due from the defendant to the plaintiff has been forced upon the latter against his will. If a bond or a receipt in attachment proceedings is substituted for the attached property, the latter is already identified, and no further identification is needed. But if the bond is given after garnishment, which is merely a species of attachment, the thing or subject impounded by the proceeding is yet to be identified; and in this there might be practical difficulties in some cases, caused, not by the plaintiff, but by the defendants, who have interfered, and prevented a disclosure, if the burden is on the plaintiff to point out, clearly and unmistakably, when suing upon the bond, just what debt or what property or what effects were covered by his garnishment.

These difficulties disappear, however, if, in addition to holding that the defendants in an action brought on a bond containing an admission similar to the one herein involved cannot be permitted to controvert such admission, we hold that the burden is shifted from the plaintiff, and is on the defendants, to show what indebtedness was due, or what property or what effects were in the hands of the garnishee at the time he was served with the summons. It is for the defendants to identify the thing or subject which they have caused to be released, and this seems to follow logically from the rule that having asserted that the garnishment did operate upon some indebtedness, or did reach some property or effects, they cannot be permitted to show that they were untruthful. The rule that it is incumbent upon the defendants to show what was covered by service of the garnishee summons is just, for the bondsmen, by their interference, have taken from plaintiff the statutory method selected by him for an ascertainment and identification of the indebtedness, property, or effects owed or held by the garnishee. And from this rule it follows that, if the obligors on the bond fail to identify, they must be held liable for the whole amount of the judgment obtained by plaintiff against defendant.

We therefore arrive at the following conclusions: First, that where the bond authorized by section 5342 is executed, approved, filed, and the garnishment proceeding thereby dissolved, the bond reciting that the plaintiff has garnished the money, property, and effects of the defendant in the hands of the garnishee, the obligors

upon such bond are estopped, and cannot be permitted to assert that the admission was wholly false; second, that in an action upon the bond the burden is upon the defendants to identify the indebtedness due, or the property or effects in the hands of the garnishee, impounded by the proceeding which they have dissolved.

We need not consider the other questions presented.

Order reversed.

MITCHELL, J.  While I concur in the result arrived at in the opinion of the court, I am not entirely satisfied with the statement of the grounds upon which it is put.

I confess that I do not fully understand what the court means in saying that the burden is on the defendants to "identify" the indebtedness or property impounded by the garnishee proceedings.  Garnishee proceedings are unlike an ordinary attachment, in this: that in the latter certain specific property or indebtedness is seized, and taken into the actual or constructive possession of the officer holding the writ, while the former is a drag-net which impounds everything in the hands of the garnishee belonging to the defendant.  The nature and amount of this cannot be ascertained until the disclosure of the garnishee.  As the giving of a bond prevents this disclosure, I think good policy would have required that the bond, in such a case, should be conditioned absolutely for the payment of any judgment which the plaintiff may obtain against the defendant.  But such is not the statute.

My views are briefly these:  The obligors upon the bond are estopped from asserting that there was not garnishable property or money in the hands of the garnishee to the amount of $25, if the action was in the district court, or to the amount of $10, if it was in justice's court.  But that is as far as the estoppel goes. But the burden is on the obligors in the bond to show that the amount of money or property of the defendant in the hands of the garnishee, subject to garnishment, was not equal in amount or value to the amount of the judgment obtained by the plaintiff against the defendant.  If they fail to do this, then the amount of the judgment against them will be the amount of the judgment against the defendant.  But, if they prove that the amount actually impounded by the garnishee process was less than the amount

of the judgment against defendant, then the judgment against them should be only for the amount thus actually impounded, except that in no event should it be for less than the amount which they are estopped to deny, as already stated. If, by the word "identify," the majority of the court mean proving the amount of money or property actually impounded by the garnishment, which the plaintiff would have recovered from the garnishee had the proceedings not been interrupted by the giving of the bond, then I agree with the opinion; but if by that term they mean showing what particular debt or property the plaintiff expected or intended to impound, then I think they are in error.

I may also add that, under the evidence, I think the trial court erred in not submitting to the jury the question whether the assignment from Fretz to Tribby was bona fide, or merely colorable and fraudulent.