WILKINSON, Respondent, vs. UNITED STATES FIDELITY &
GUARANTY COMPANY, Appellant.

*September 10—September 29, 1903.*

*Garnishment: Release: Undertaking to pay judgment: Pleading:
Payment: Fraud: Estoppel to deny indebtedness of garnishee.*

1. In an action upon an undertaking to pay a judgment an answer
   alleging that defendant had no knowledge or information suffi-
   cient to form a belief as to whether the judgment or any part
   thereof has been paid or not, did not entitle defendant to the
   benefits of a plea of payment; and plaintiff was not bound to
   prove that the judgment had not been paid.
2. In an action upon an undertaking to pay a judgment it is no
   defense that the undertaking was procured by fraud of the
   judgment debtor, if the plaintiff had no knowledge and was
   not chargeable with notice of the fraud.
3. Where the principal defendant procures the release of a garnish-
   ment by the giving of an undertaking, under sec. 2771, Stats.
   1898, to pay the judgment which may be recovered, both such
   defendant and his sureties are estopped, in an action on the
   undertaking, to deny that the garnishee was indebted to him.

APPEAL from a judgment of the circuit court for Ashland
county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The respondent brought action against one W. F. Pleas,
garnishing W. H. Gilbert. W. F. Pleas, as defendant in the
action, applied to the court for an order for the release of
the garnishment, under sec. 2771, Stats. 1898. The court
ordered that an undertaking might be filed with the clerk to
the effect that the sureties would pay on demand to the re-
spondent, the amount of the judgment that might be recovered
against W. F. Pleas, with all costs, not exceeding the sum
of $4,000. The judgment debtor, W. F. Pleas, procured the
undertaking in question from appellant, whereby it under-
took to pay respondent on demand the amount of the judg-
ment, with all costs that might be recovered against W. F.
Pleas, not exceeding the sum of $4,000. Respondent recov-
ered judgment against W. F. Pleas in the sum of $9,440.33,

and on the refusal of appellant to pay the $4,000 this action was brought to collect the amount of the undertaking.

Appellant alleges that W. F. Pleas obtained the undertaking by falsely representing his financial standing; that it was filed without its knowledge or consent, and was without consideration; and that it was not liable because the garnishee was not indebted to and did not have property under his control belonging to W. F. Pleas when the garnishment process was served.

Judgment was ordered upon the pleadings in the sum of $4,000, with costs of $100.32. The appeal is from this judgment.

For the appellant there was a brief by *Ben. S. Smith,* attorney, and *R. Sleight,* of counsel, and oral argument by *Mr. Smith.* They contended, *inter alia,* that the complaint, alleging that no part of the judgment has been paid, is susceptible to a general denial under which proof of payment is admissible. Pomeroy, Remedies (2d ed.) 712; *Frisch v. Caler,* 21 Cal. 71; *Brown v. Orr,* 29 Cal. 120. Plaintiff was therefore not entitled to judgment until he proved that the judgment had not been paid.

For the respondent there was a brief by *Tomkins, Tomkins & Garvin,* and oral argument by *W. M. Tomkins.*

SIEBECKER, J. The appellant asserts that the court erred in not requiring respondent to prove that the original judgment remained unpaid. The answer admits that judgment was recovered by the respondent in the original suit, wherein the undertaking sued on in this action was given as alleged in the complaint, but alleges no knowledge or information sufficient to form a belief "whether the same or any part thereof has been paid or not." The allegation of the answer is not sufficient to entitle appellant to the benefits of the plea of payment; it amounts to no more than a general denial, under which proof of payment cannot be received. *Martin v. Pugh,*

23 Wis. 184; *Hawes v. Woolcock,* 30 Wis. 213; *Rossiter v. Schultz,* 62 Wis. 655, 22 N. W. 839; *Meating v. Tigerton L. Co.* 113 Wis. 379, 89 N. W. 152.

Appellant alleges fraud on the part of the defendant in procuring the undertaking sued on, but makes no claim that respondent in any way participated in perpetrating such alleged fraud. We are unable to perceive how respondent can be affected in his legal right by fraudulent conduct of the defendant in procuring a dissolution of the garnishment proceeding of which he had no notice or knowledge to put him on inquiry as to the alleged fraudulent conduct. It was incumbent on appellant to protect itself from any deception by the defendant, and if it was induced to give the undertaking by his fraudulent conduct then it must suffer the injury; for the law demands that he who deals with and trusts another, and thereby suffers an injury, should be the loser rather than a stranger.

It is further contended that it was error on the part of the trial court not to permit the defendant to show that the garnishee did not owe the defendant, judgment debtor, anything at the time the undertaking was given. Sec. 2771, Stats. 1898, provides that

"The defendant may, at any time after the commencement of the action and before judgment, file with the clerk of the court an undertaking executed by at least two sureties, . . . to the effect that they will, on demand, pay to the plaintiff the amount of the judgment with all costs that may be recovered against such defendant in the action," etc., and that "thereafter the garnishee shall be discharged and the garnishment proceeding shall be discontinued," etc.

When the defendant in the original action elected to give the undertaking under this statute, which supersedes the garnishment proceeding, he waived all right to an investigation of any issue in that proceeding, and is thereby estopped from a trial of the question whether anything was due at the time

of the garnishment. *Thoen v. Harnstrom,* 98 Wis. 231, 73 N. W. 1011; *Greengard v. Fretz,* 64 Minn. 10, 65 N. W. 949.

The purpose of the statute is to afford the defendant an opportunity to release his property in the hands of the garnishee, and substitute an undertaking, with sureties, in place of the property impounded by the proceeding. This proceeding being discontinued, and the sureties having undertaken to pay in place of the judgment debtor, they must be held to stand in the same position, and be estopped from denying that the garnishee was in any way liable to the defendant. The statute is like that allowing bonds to be given to release the property where attachments have issued, which are conditioned for the payment of judgments obtained against defendants. In such cases the liability of the surety becomes absolute when judgment is rendered against the defendant for whose benefit the bond was executed. *Dierolf v. Winterfield,* 24 Wis. 143; *Billingsley v. Harris,* 79 Wis. 103; 48 N. W. 108.

*By the Court.*—The judgment of the circuit court is affirmed.