GIST and another, Respondents, vs. EQUITABLE SURETY COMPANY OF ST. LOUIS, MISSOURI, imp., Appellant.

*February 10—May 18, 1915.*

*Removal of action from state to federal court: Citizenship and residence of corporations: Garnishment: Release: Undertaking: Discharge of surety by amendment of complaint: Fraud: Estoppel: Interest.*

1. A suit commenced in a state court in a federal district of which neither plaintiff nor defendant is a resident, though they reside in different states, cannot be removed to the federal court of the state wherein the action is pending, because such federal court had no jurisdiction of the original suit.

2. Under the statute governing removal of cases from state to federal courts, the citizenship and residence of a corporation are conclusively presumed to be the state of its incorporation, and are limited thereto even though it may have been licensed to do business in another state.

3. An undertaking in release of garnishment under sec. 2771, Stats., is to be liberally construed in furtherance of its purpose to protect the creditor.

4. The rights of the surety in such an undertaking were not prejudiced by amendment of the complaint in the original action so that it asked a recovery upon *quantum meruit* instead of upon express contract, where no change in the substance of the claim was involved; and such amendment, therefore, did not discharge the surety.

5. The allegation in the original complaint in such case that the work and labor for which recovery was sought was performed under an express contract, when in fact such contract was invalid because made on Sunday, did not constitute a misrepresentation in the nature of a fraud as to the surety which should estop plaintiff from enforcing the undertaking.

6. Upon recovery of judgment against the surety on such an undertaking for the amount of the judgment in the original action, interest was properly allowed upon such amount from the date of the entry of the original judgment.

APPEAL from a judgment of the circuit court for Columbia county: MARTIN L. LUECK, Judge. *Affirmed.*

The plaintiffs, as copartners, brought action against the *Equitable Surety Company* upon a bond, which bond had been given in a previous action against defendant Johnson-Carey Company.

Both parties are nonresidents. The previous action was brought first upon a complaint alleging an express contract entered into by the plaintiffs and the Johnson-Carey Company. This was later amended to one of *quantum meruit.* It appeared in that trial that the Johnson-Carey Company were subcontractors of the Winston Brothers Company. This latter company was the principal contractor with the Milwaukee, Sparta & Northwestern Railway Company to do the grading for the construction of its railroad. They sublet a portion of this contract to the Johnson-Carey Company and they to the plaintiffs. The plaintiffs sued the Johnson-Carey Company, alleging that there was due them on the contract and for damages in delay in executing their contract the sum of $53,616.34. When that action was first commenced the

Winston Brothers Company and the Milwaukee, Sparta & Northwestern Railway Company were sued as garnishees. The *Equitable Surety Company* upon petition of the Johnson-Carey Company entered into an undertaking to release these garnishees and the release was granted.  By the undertaking of the Johnson-Carey Company as principal and the *Equitable Surety Company* as surety they undertook to pay the plaint-. iffs the amount of the judgment that was recovered by the plaintiffs in the action against such defendant, not to exceed the sum of $55,000.   The plaintiffs in that action recovered judgment against the Johnson-Carey Company for the sum of $44,915.37 and costs, which made a total of $45,440.27. None of this has ever been paid.

It further appears in the original action that before the time to answer had expired the defendant Johnson-Carey Company appeared specially and petitioned the circuit court for Columbia county to allow a removal of the action to the district court of the United States for the Western district of Wisconsin.   The circuit court refused to grant the petition and the defendant then answered.   During the progress of the trial the defendant brought to the attention of the court the fact that the contract was in fact executed on a Sunday, although dated on Monday.   This remained undisputed, and it was then that the court allowed the plaintiffs to amend the complaint and proceed on the basis of *quantum meruit* instead of upon the alleged express contract.

After judgment was entered in the original action of *Gist and others v. Johnson-Carey Company* the plaintiffs demanded payment of the amount of the judgment from the *Equitable Surety Company,* but payment was refused.   The present action was then commenced upon the undertaking of. the *Equitable Surety Company* by which the release of the original garnishees had been obtained.   .

The circuit court awarded judgment on the bond for the amount of the former judgment with interest at six per cent.

from April 22, 1913, the date of the judgment. From such judgment this appeal is taken by the *Equitable Surety Company*.

For the appellant there was a brief signed by *Grotophorst, Evans & Thomas*, attorneys, and *Boyle & Priest*, of counsel, and oral argument by *Evan A. Evans*. To the point that the amendment of the complaint changed the cause of action and either released the surety entirely or relieved it from any added liability, they cited *Meinshausen v. A. Gettelman B. Co.* 133 Wis. 95, 113 N. W. 408; *Ball v. Claflin*, 5 Pick. 303; *Comm. v. A. B. Baxter & Co.* 235 Pa. St. 179, 84 Atl. 136, 42 L. R. A. N. s. 484; *Cassidy v. Saline Co. Bank*, 7 Ind. Terr. 543, 104 S. W. 829; *Wood v. Denny*, 7 Gray, 540; *Fish v. Barbour*, 43 Mich. 19, 4 N. W. 502; *Prince v. Clark*, 127 Mass. 599; *Bolton v. Nitz*, 88 Mich. 354, 358, 50 N. W. 291; *Campau v. Seeley*, 30 Mich. 57, 61; 3 Am. & Eng. Ency. of Law (2d ed.) 637; 5 Cyc. 28; *Langley v. Adams*, 40 Me. 125; *Sage v. Strong*, 40 Wis. 575; *Oconto Co. v. Esson*, 112 Wis. 89, 87 N. W. 855.

For the respondents there was a brief by *W. S. Stroud, R. F. Clark*, and *Olin, Butler, Stebbins, Curkeet & Stroud*, and oral argument by *H. L. Butler* and *W. S. Stroud*.

The following opinion was filed March 2, 1915:

SIEBECKER, J.    It is claimed that the court erred in denying removal of the original action from the state to the federal court. The plaintiffs in the original suit, *Wm. M.* and *George W. Gist*, at the time they commenced action against the Johnson-Carey Company were residents respectively of the states of Missouri and Illinois and the defendant Johnson-Carey Company was a corporation created under the laws of Delaware, and for the purposes of the proceeding to remove the action to the federal court was a citizen and resident of the state of Delaware. Before defendant was required to answer it made an application to the Columbia

county circuit court and prayed for "removal of said suit into the district court of the United States to be held in the district where said suit is pending, viz. district court of the United States in and for the Western district of Wisconsin." The bond accompanying this application bound the obligors upon condition that the Johnson-Carey Company enter, in the district court for the Western district of Wisconsin within the time therein specified, a certified copy of the record in the suit. The face of the removal proceedings shows that it was an application to remove the action from the state court to the federal district court for the Western district of Wisconsin. It is manifest that the application for removal did not ask to have the case removed to the federal court of the district of the residence of either the plaintiffs or the defendant. The record shows affirmatively that the case is not one arising under the laws of the United States and that the application for removal is based upon the diversity of citizenship of the parties. The defendant is a Delaware corporation and hence under the federal statute for removal of the case from state to federal court is deemed to be a resident of that state and is accorded the same rights as a citizen. It is established by the adjudications of the federal courts that a suit commenced in a state court in a federal district of which neither plaintiff nor defendant is a resident, though they are residents of different states, cannot be removed to the federal court of the state wherein the action is pending, for the reason that such federal court had no jurisdiction of the original suit. *Ex parte Wisner,* 203 U. S. 449, 27 Sup. Ct. 150; *Western L. & S. Co. v. Butte & B. C. M. Co.* 210 U. S. 368, 28 Sup. Ct. 720; *Stewart v. Cybur L. Co.* 211 Fed. 343; *Gruetter v. Cumberland T. & T. Co.* 181 Fed. 248. The citizenship of the defendant Johnson-Carey Company is conclusively presumed to be the state of Delaware and under the federal removal statute is limited thereto, though it may have been licensed to do business in Wisconsin. *St. Louis & S.*

*F. R. Co. v. James,* 161 U. S. 545, 16 Sup. Ct. 621; *Baldwin v. Pacific P. & L. Co.* 199 Fed. 291, and cases there cited.

It is strenuously contended that the defendant, the *Surety Company,* is released from the obligations of the undertaking given by it for the release of the garnishees, upon the ground that the amendment of the plaintiffs' complaint at the trial from one on express contract to one on *quantum meruit* so changed the grounds of liability of the defendants in the case as to constitute a complete change in the cause of action and thereby released the surety.    The rights of a creditor to proceed by garnishment in aid of a recovery on express or implied contract are to be liberally enforced in such proceedings and the undertaking given pursuant to the provisions of sec. 2771, Stats. 1913, is to be liberally construed.    *Smith v. Lockwood,* 34 Wis. 72.    The undertaking in terms is an agreement "on demand to pay to the plaintiffs the amount of the judgment, with all costs that may be recovered against such defendant in the action."    The purpose of the statute is to hold the parties to the undertaking for the full amount of the judgment in place of the garnishees, regardless of the amount impounded by the garnishment.    The provisions of the statute have always received a liberal construction to accomplish the purpose of the remedy, namely, protection of a creditor to receive payment of the judgment awarded him in the main action.    *Sutro v. Bigelow,* 31 Wis. 527; *Smith v. Lockwood,* 34 Wis. 72; *Wilkinson v. United States F. & G. Co.* 119 Wis. 226, 96 N. W. 560.    As stated in the *Sutro Case* respecting the liability of the parties to an undertaking under this statute, "they make his [garnishee's] liability to the plaintiffs in the action their liability to the extent named in the undertaking; and, identifying themselves in interest with him, agree to abide the results of the litigation so far as he is concerned."    The whole proceeding of substituting the undertaking in place of the garnishee presupposes that all the steps required to be taken in a judicial trial of the original

action in prosecuting it to judgment are authorized as within
the scope of such undertaking.    It is clear that the right of
amending the complaint existed and that the court on the
trial of the original action properly amended the complaint
from one on express contract to one on *quantum meruit.*
*Gist v. Johnson-Carey Co.* 158 Wis. 188, 147 N. W. 1079.
It is urged that this was a prejudicial proceeding against the
sureties.    How this operated to the sureties' prejudice is not
manifest.    An inspection of the two complaints shows that
the allegations covered and embraced the identical transac-
tions, resting on the same basic claim, namely, compensation
for the work and labor performed, at the same price through-
out, with this difference, that in the original complaint the
agreements in relation thereto were alleged to be express,
while in the amended complaint they were implied, but in
their totality and substance they were identical; the only
difference being in the way these agreements were evidenced.
Under such a state of affairs there is no difference in the sub-
stance of the claim made by plaintiffs in their two complaints,
and allowance of the amendment was plainly authorized as
within the undertaking of the surety and cannot be held to
have prejudiced its rights.    *Thomas v. Hatch,* 53 Wis. 296,
10 N. W. 393; *Tilton v. Cofield,* 93 U. S. 163.

The contention that the allegation in the original com-
plaint, that the work and labor for which plaintiffs sought to
recover compensation was performed pursuant to an express
contract, when in truth and fact no such contract existed, con-
stituted a misrepresentation in the nature of fraud as to the
surety and should estop plaintiffs from enforcing the under-
taking, has no foundation in fact and substance; nor did such
allegation in fact induce the giving of the bond.  We have
already adverted to the proposition that the amendment in no
way changed the nature of the claim nor the grounds of re-
covery.    The claim of the original and amended complaints
arose out of the same transaction and claimed recovery for

the same amount and for the identical items at the same cost. On this point the allegations in each pleading must control, and confining our view to them we discover no material difference in the grounds of recovery. "The description of the cause of action was changed, but in the view of equity, and in point of fact, it was substantially the same with that originally described. Allowing amendments is incidental to the exercise of all judicial power, and is indispensable to the ends of justice." *Tilton v. Cofield,* 93 U. S. 163. The very nature of the rights involved to change the pleadings precludes any inference of fraud and estoppel in relation thereto. The contention of appellant on this point must be rejected as having no merit.

Within the rule of *Eau Claire Nat. Bank v. Chippewa Valley Bank,* 124 Wis. 520, 102 N. W. 1068, the plaintiffs were entitled to payment of their judgment in the original action upon its entry, and payment thereof by the surety who stood in place of the garnishees. For delay in such payment plaintiffs are entitled to interest. The court properly awarded the recovery of interest against the surety.

*By the Court.*—The judgment appealed from is affirmed.

A motion for a rehearing was denied, with $25 costs, on May 18, 1915.