## CHARLES H. WILCOX v. WILLIAM W. CONLEY AND ANOTHER.[1]

November 19, 1926.

No. 25,566.

**When surety is estopped from asserting garnishee had no garnishable property of defendant.**

1. In an action upon a bond given to secure the release of property garnished, in which it was stated that property of defendant in possession of the garnishee had been garnished, the surety is estopped from asserting that there was not garnishable property in the hands of the garnishee.

**Maximum liability of surety fixed by value of defendant's property with garnishee.**

2. In such an action, the value of the property in the hands of the

[1]Reported in 210 N. W. 887.

garnishee at the time of the service of the process fixes the maximum liability of the surety.

Estoppel, 31 C. J. p. 1097 n. 69; p. 1098 n. 85.
Garnishment, 28 C. J. p. 535 n. 40.

Defendant Hartford Accident and Indemnity Company appealed from a judgment of the district court for Hennepin county, Dickinson, J. Reversed and remanded.

*Sexton, Mordaunt & Kennedy,* for appellant.
*Ueland & Ueland,* for respondent.

QUINN, J.

The Sioux Falls National Bank brought an action in the district court against William W. Conley upon contract to recover the sum of $1,000. Thereafter such proceedings were had that the National Exchange Bank of Saint Paul was served with a garnishee summons requiring it to appear on the third day of December, 1923, and disclose the amount of indebtedness owing by it to the defendant and all property or money of the defendant in its possession or under its control. On November 16th, the defendant Conley executed a bond as required by G. S. 1923, § 9383, in the sum of $2,000, with the appellant as surety, for the purpose of releasing such garnishment. The bond was approved and filed as required by the statute, and the garnishment discharged by order of the court prior to the time fixed for the disclosure.

On April 7, 1924, a judgment for $810.75 was entered in the main action against the defendant Conley. The judgment remaining unpaid, plaintiff, as receiver of the Sioux Falls bank, brought the present action against the surety on the bond. The facts were stipulated, from which it appears that, at the time of the service of the process, the garnishee had in its possession to the credit of Conley, subject to check, the sum of $13.90. Subsequently this action was submitted to the trial court upon the pleadings, stipulations, files, affidavits and briefs of counsel. Findings were made and judgment was entered against the surety and in favor of the plaintiff for the

full amount of the judgment against the defendant in the main action. From such judgment this appeal was taken.

Section 9380, G. S. 1923, provides that no judgment shall be rendered in district court against a garnishee where the value of the property of the defendant under its control is less than $25. It is clear that the intent of the parties, as well as the purpose of the statute, has to do with the amount of money or the value of the property in the hands of the garnishee, regardless of whether it was more or less than $25, or whether a portion thereof might have been exempt from levy. The bond provides that "if, the said defendant shall pay any judgment recovered against it in said action, or an amount thereon equal to the value of the money, property and effects so garnished, then this obligation shall become void, otherwise to remain in full force and effect."

The purpose of the bond was to dissolve the garnishment. This object was accomplished. The bond recited that the defendant's property had been garnished by the plaintiff. The amount of defendant's property in the hands of the garnishee could not be ascertained until disclosure was made. Under such circumstances the surety company is estopped from asserting that there was not garnishable property or money or effects in the hands of the garnishee to the amount of $25. However, that is as far as the estoppel extends. Greengard v. Fretz, 64 Minn. 10, 65 N. W. 949. The case cited does not support the contention of plaintiff that he should have judgment against the surety for the amount of the judgment against the defendant. It sustains the contention of the surety company that such is not the effect of the bond. In that case the court allowed proof of an assignment, a few days before the garnishment, of an indebtedness exceeding the judgment, but refused to submit to the jury the question of good faith. This was held to be error which worked a reversal. There the court held that the terms of the bond estopped the surety from asserting that there was not a garnishable debt. The limit of the estoppel is the minimum amount for which judgment against the garnishee might be entered, which in the district court is $25.

In disposing of this matter it may be remarked that the burden is upon the surety company to show that the amount of money, property or effects of the defendant, in the hands or under the control of the garnishee, was not equal to the amount of the judgment against the defendant. If it fails to do this, the amount of its liability upon the bond will be the amount of the judgment against the defendant, but, if it appear that the amount of such property in the hands of the garnishee or under its control was less than the amount of such judgment, then the amount of the value of the property will be the amount of the liability of the surety upon the bond. Greengard v. Fretz, supra.

Under the provisions of the bond the value of the property in the hands of the garnishee measures the liability of the surety. The judgment appealed from should be so modified as to comply with the foregoing. It is so ordered.

Reversed and remanded.

DIBELL, J. (dissenting in part.)

In the condition of the bond it is recited that "certain property, money and effects of said defendant in the possession and control of the garnishee above named has been garnished in said action." The defendant and garnishee are estopped to assert that garnishable property, that is, property to the amount of $25, has not been impounded. This is in harmony with the Greengard case, and in particular with the view expressed by Mr. Justice Mitchell in his concurring opinion. That amount, no more having been impounded, should be recovered. That amount would be recovered though nothing was impounded. To the extent indicated, I dissent.