O'HARROW, Respondent, v. PFUTZENREUTER et al,
Appellants.

(213 N. W. 17.)

(File No. 5625.   Opinion filed April 11, 1927.)

1.   Garnishment—Contract—Defendants, Signing Undertaking To Re-
     lease Garnishee, in Which They Contracted to Pay Any
     Judgment Against Any Defendant, Held Liable For Judgment
     Against Defendant Who Was Not Creditor of Garnishee.

     Defendants, who signed undertaking for release of garnishee,
     in which they contracted to pay any judgment entered against
     any defendant, held liable for judgment defendant who did not
     sign and who was not creditor of garnishee, though demurrers
     of other defendants, including garnishee's potential creditor,
     were sustained and defendants did not sign undertaking as
     sureties.

2.   Garnishment—Bond—Purported Undertaking For Release Of
     Garnishee, Not Complying With Statute, Held Valid As Com-
     mon-Law Or Voluntary Bond (Rev. Code 1919, § 2473).

     Purported undertaking for release of garnishee, signed by
     part of defendants but signed by sureties, though not in com-
     plete compliance with Rev. Code 1919, § 2473, held valid as
     common-law bond or voluntary bond.

3.   Banks and Banking—Ultra Vires—Pleading—Where President
     Signed Undertaking For Bank, Defense of Ultra Vires Cannot
     Be Raised By General Denial.

     In action on undertaking signed for bank by its president,
     defense of ultra vires is not one that can be raised by general
     denial.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest,
Garnishment, Key-No. 241, 28 C. J. Secs. 657, 661; **(2)** Garnishment,
Key-No. 195, Bonds, 9 C. J. Secs. 41, 45; **(3)** Banks and banking,
Key-No. 226, Corporations, 14a C. J. Sec. 2964.

Appeal from Circuit Court, Brown County; Hon. ROBERT D.
GARDNER, Judge.

Action by James O'Harrow against W. F. Pfutzenreuter and
others.   From a judgment for plaintiff, and from an order deny-
ing a new trial, defendants appeal.   Affirmed.

*Campbell & Fletcher,* of Aberdeen, for Appellants.
*Sieh & Flynn,* of Aberdeen, for Respondent.

GATES, J.   On September 4, 1921, an action was begun in
which the present plaintiff, O'Harrow, was plaintiff and O. C.

Carter, D. T. Lane, John Younker, W. F. Pfutzenreuter, and the First National Bank of Hecla were defendants, and Lansing township of Brown county was garnishee defendant. On September 29, 1921, Lansing township made disclosure that it was not indebted to any of the principal defendants, but that defendant Pfutzenreuter was constructing roads under contract with the township, and that when he should fully complete the contract there would be due him approximately $3,000. Thereafter and on November 3, 1922, the following undertaking was executed and filed in court:

"In Circuit Court, Fifth Judicial Circuit.
"State of South Dakota, County of Brown.

"James O' Harrow, Plaintiff, v. O. C. Carter, W. F. Pfutzenreuter, John Younker, D. T. Lane and the First National Bank of Hecla, S. D., Defendants, and Lansing Township, Brown County, South Dakota, Garnishee Defendant.

"Undertaking.

"Whereas, the above-named plaintiff, at the time of the institution of this action, procured the issuance therein of a summons in garnishment, under which summons in garnishment the garnishee defendant above named was summoned as a garnishee defendant in the above-entitled action, and whereas the said action is still pending and said garnishee defendant is not discharged as a garnishee defendant therein, and the defendants above named being desirous of having the garnishee defendant discharged:

"Now, therefore, we, O. C. Carter, W. F. Pfutzenreuter, John Younker, D. T. Lane, and the First National Bank of Hecla, S. D., as principals, and G. E. Lane and J. H. Kissinger, as sureties, do hereby undertake and become bound to the plaintiff, James O'Harrow, that they will on demand, pay to the plaintiff the amount of the judgment with all costs that may be recovered against the defendants in the above-entitled action, not exceeding the sum of $1,500. W. F. Pfutzenreuter. D. T. Lane. John Younker. First National Bank, Hecla, S. D., by G. E. Lane.

On the next day the court entered an order reciting the giving of said undertaking, approving the same, and releasing and discharging Lansing township as garnishee defendant. Thereafter

upon the sustaining of their demurrers to the complaint in that action the present defendants were released and discharged as defendants and that action was dismissed as to them. On April 27, 1923, judgment was rendered in favor of plaintiff and against defendant O. C. Carter.

The present action was begun about July 9, 1923, upon said undertaking. It will be noticed that the undertaking was not signed by said Carter, nor by either of the two persons, G. E. Lane and J. H. Kissinger, designated in the body of the undertaking as sureties. It may be further stated that G. E. Lane was made a nominal defendant herein but no judgment was entered against him, and in the above recitals we do not count him as one of the present defendants. Upon the trial of this action judgment was entered against defendants. Therefrom and from an order denying new trial they appeal.

The only defense presented by the answer, aside from any issues raised by the general denial, is that defendants, by the sustaining of the demurrers to the complaint in the former action, succeeded in having that action dismissed as to them, and:

"That these defendants never at any time executed any bond as sureties, providing or conditioned for the payment of any judgment which might be obtained against the defendant, O. C. Carter, and are not in any manner liable to the plaintiff herein."

Section 2473, Rev. Code 1919, provides:

"*Defendant May Release Garnishment.*—The defendant may, at any time after the complaint is filed and before judgment, file with the clerk of the court an undertaking executed by at least two sureties, resident freeholders of the state, to the effect that they will on demand pay to the plaintiff the amount of the judgment with all costs that may be recovered against such defendant in the action, not exceeding a sum specified, which sum shall not be less than double the amount demanded by the complaint, or in such less sum as the court shall upon application direct. * * *

"When the plaintiff excepts, the sureties shall justify in like manner as upon bail on arrest. Thereafter all the garnishees shall be discharged and the garnishment proceedings shall be deemed discontinued."

[1, 2] It is true that these defendants did not, and did not purport to, sign the undertaking as sureties in accordance with

that Code section, but they did voluntarily sign the undertaking and thereby contracted to pay any judgment that might be entered against any of the defendants in the former action. If they had only desired and intended to become liable for any judgment that might be rendered against Pfutzenreuter, who was a potential creditor of the garnishee, and the only potential creditor according to the disclosure, then they might have secured a dismissal of the garnishment by limiting their liability accordingly. But they did not so limit their liability. The undertaking given, while informal and not in complete compliance with said section 2473, was acted upon by the court as it was expressly invited to do by the terms of the undertaking, and we think the defendants may not now be heard to deny liability thereon. It was valid as a common-law bond (9 C. J. 27) or as a voluntary bond (9 C. J. 29, § 45). It is utterly immaterial that defendants were not benefited by giving the undertaking, or by the release of the garnishee, or that the garnishee was not indebted to Carter. 28 C. J. 538, § 657; Id. 540, § 661; Rich v. Sowles, 65 Vt. 135, 26 A. 585; Greengard v. Fretz, 64 Minn. 10, 65 N. W. 949; Wilkinson v. U. S. F. & G. Co., 119 Wis. 226, 96 N. W. 560; Gist v. Equitable Surety Co., 161 Wis. 79, 151 N. W. 382.

[3] It is further urged on the part of appellant bank that its name was appended to the undertaking without authority. It was, in fact, appended thereto by the president of the bank. We are of the opinion that the defense of ultra vires is not one that can be raised by a general denial of the allegations of the complaint. 25 Stand. Ency. Pro. 143.

The judgment and order appealed from are affirmed.

POLLEY and SHERWOOD, JJ., concur.

CAMPBELL, P. J., not sitting.

BURCH, J., dissents.