KETTLE CREEK REFINING COMPANY, INC., *v.* SCALES.

Opinion delivered March 10, 1930.

*Ragsdale & Matheney*, for appellant.

MEHAFFY, J. On September 17, 1929, the appellant filed its complaint in the Union Circuit Court against

J. M. Scales, or Jim Scales, and his wife, Tillie Pauline Scales, doing business as the Terminal Cleaners, or the Owl Cleaners & Dyers, alleging an indebtedness of $256.09. Summons was served September 18, 1929. At the same time of the filing the complaint, the appellants filed allegations and interrogatories, naming as garnishees the First National Bank of Huttig, Arkansas, and the Exchange Bank & Trust Company, El Dorado, Arkansas, alleging that the garnishees, and each of them are indebted to the defendants in the sum of $300. Garnishment bond was filed and approved by the clerk. On September 17, 1929, a writ of garnishment was issued by the clerk directed to both banks as garnishees. The clerk signed and affixed his seal to three copies of the writ, each copy being identical, and containing the names of both garnishees. The writ was served on the Exchange Bank & Trust Company on the 17th of September, and on the First National Bank of Huttig on the 18th of September.

On September 18, 1929, the appellees filed their bond for the release of the garnishment, with R. K. Landreth and Frank Hodges as sureties, and on that day the clerk issued a supersedeas, releasing the garnishees. Nineteen days thereafter appellees filed a motion to quash the writ of garnishment, alleging that it was void because it included more than one garnishee without alleging a joint liability or indebtedness. On November 13, 1929, the court sustained the motion, quashed the garnishment, discharged the garnishees, and released the sureties on the garnishment bond, from which ruling of the court, this appeal was taken. Judgment by default was rendered against James M. Scales for $271.45, including interest to October 16, 1927.

On October 9th the First National Bank of Huttig filed an answer admitting an indebtedness of $3.00.

The only question presented for our consideration is whether the court erred in releasing from liability the

sureties on the bond executed for the release of garnishment.

On September 18, 1929, the appellees filed a bond for release of said garnishments with R. K. Landreth and Frank Hodges as sureties, and the garnishees were thereupon released. The motion to quash the writ of garnishment was several days after this bond was given. Without passing upon the question as to whether the allegations were sufficient for the writ in the form it was issued, the appellees and the sureties on their bond waived any irregularity in the issuance or service of the writ of garnishment. .

"As, by force of statute, a garnishment proceeding is discontinued and eliminated on the giving of a statutory dissolution bond, it cannot thereafter be quashed or dismissed on motion. Any inquiry as to its regularity or validity ceases to be material. By giving the bond, defendant waives defects and irregularities in the proceedings and estops himself from setting them up. However, the giving of a dissolution bond does not amount to a waiver of a positive lack of jurisdiction which renders the entire action and proceeding illegal and void, and which cannot be supplied by any act of defendant. After the dissolution of the garnishment by the giving of the security, the main action proceeds in due course as at common law." 28 C. J. 365.

"While the giving of a statutory bond is essential to dissolve a garnishment as a matter of right under the statute, and the filing of a bond which differs in its terms from the statutory bond presents no legal obstacle to the entry of judgment against the garnishee, yet, where a common-law bond has in fact accomplished the purpose for which it was executed, and there has been a breach thereof, liability thereon may be enforced by action as distinguished from a statutory summary remedy." 28 C. J. 366.

Here the appellees, themselves, executed and filed the bond with sureties for the purpose of releasing the

garnishees, and this action on their part estopped them and the sureties on their bond from denying the validity of the garnishment.

"The sureties on such a bond are estopped from denying the validity of the garnishment." 12 R. C. L. 861.

Act 177 of the Acts of 1925, page 538, provides, among other things, that the defendant may have such garnishment discharged and all funds or property of his in the hands of the garnishee released therefrom by filing with the clerk of the court or the justice of the peace before whom such action may be pending a bond in double the amount for which the garnishment was issued, that he will pay any judgment which may finally be rendered against him in the action. Upon judgment being rendered against the defendants, summary judgment may be rendered against the sureties in such bond. Castle's Supplement to Crawford & Moses' Digest, § 4907 A; *Wilkinson* v. *U. S. F. & G. Co.,* 119 Wis. 296, 96 N. W. 560; *Dierolf* v. *Winterfield,* 24 Wis. 143; *Billingsley* v. *Harris,* 79 Wis. 103, 48 N. W. 108; *Rich* v. *Sowles,* 65 Vt. 135, 26 Atl. 585; *St. Louis Cordage Mills* v. *Western Supply Co.,* 54 Okla. 757, 154 Pac. 646; *Gist* v. *Johnson Corey Co.,* 161 Wis. 179, 151 N. W. 382.

Many authorities might be cited to the effect that, when the defendant in a garnishment or attachment suit executes and files a bond with sureties, the defendant and his sureties are estopped from claiming any irregularity in the attachment or garnishment. If the garnishment proceedings were erroneous, this could and would have been determined by the court on a proper proceeding. But, without any regard to whether there was any irregularity or not, when the defendant secured the discharge of the garnishees by giving the bond in this case, he estopped himself and sureties from taking any advantage of any irregularity, if such existed. It has been many times held, that in attachment suits, after the giving of the bond to release the attachment, the validity or regularity of the attachment cannot be inquired into. After

the giving the bond mentioned, the garnishees were no longer in court, and the lower court should have directed judgment against the sureties on the bond.

The cause is therefore reversed and remanded, with directions to enter judgment against the sureties on the bond.