## H. F. MENSING v. JOHN MELAND AND OTHERS.[1]

October 24, 1930.

No. 28,064.

*Garfield H. Rustad,* for appellants.
*Hammett & Morton,* for respondent.

[1]Reported in 232 N. W. 631.

WILSON, C. J.

In an action wherein plaintiff procured a judgment for $1,875.83 against John Meland and John Meland doing business as Hawley Motor Company, the First National Bank of Hawley was made garnishee. Before a disclosure was made by the garnishee, the said defendants furnished a $2,000 bond, pursuant to G. S. 1923 (2 Mason, 1927) § 9383, and an order followed discharging the garnishment and releasing the property. The condition in the bond was this:

"The condition of this obligation is such that whereas on or about the 26th day of April, 1929, the plaintiff herein caused to be garnished in the First National Bank of Hawley, Minnesota, a corporation, the alleged funds of John Meland and John Meland doing business as Hawley Motor Company and at the date of the service there was on hand in the possession of the garnishee the sum of eighteen hundred dollars."

This action is against the principal and sureties to recover on the bond. The sureties answered and alleged that the garnishment was futile because the garnishee did not have in its possession any money or property belonging to Meland which was subject to garnishment. It alleged that Meland and Hilda Meland were copartners as Hawley Motor & Implement Company and in such name had money in the bank, but claimed (perhaps under G. S. 1923 [2 Mason, 1927] § 7408, subd. (2)c) that it was not subject to garnishment. Defendant Meland interposed a separate answer of the same tenor. Plaintiff's demurrer to the answer of the sureties upon the ground that it did not state facts sufficient to constitute a defense was sustained, and the sureties appealed. Meland has appealed from an order striking his answer as frivolous.

When a third person wishes to make claim to garnished property there is a way for him to proceed, G. S. 1923 (2 Mason, 1927) § 9366. No such claim was made in this case. None was necessary. The garnishment was terminated by the bond. Its use was authorized and acted upon pursuant to G. S. 1923 (2 Mason, 1927) § 9383. It was initiated for the benefit of the defendant. He and

406

his sureties selected this method of procuring the release of the garnished property.

The recital in the bond, given under such circumstances, that $1,800 was in the hands of the garnishee, estopped the parties to the bond from asserting that there was not a garnishable debt to the extent of $1,800. Greengard v. Fretz, 64 Minn. 10, 65 N. W. 949; Wilcox v. Conley, 169 Minn. 179, 210 N. W. 887.

Both orders are affirmed.