Horace E. Barron, Receiver, etc. *vs.* John Mullin.

March 27, 1875.

**Authority of Receiver of firm to sell Real Estate.**—A judgment which appoints a receiver, and directs him to sell all the real estate of the firm to close up whose affairs the suit is brought, but which judgment gives no specific description of the property to be sold, is sufficient authority to the receiver to sell any given piece of real estate which actually belonged to the firm, although the complaint in the suit, in describing the real estate of the firm, does not mention such piece.

**Purchaser from Receiver is Concluded by Order Confirming Sale.**—A purchaser from a receiver in a suit may oppose the confirmation of the receiver's report of sale, and if he does not oppose it, (and especially if he consents to its confirmation,) he will be deemed to have adopted it, and be bound by the order confirming it, and cannot afterwards object to perform his contract of purchase, upon his allegation that the sale to him included property not mentioned in the report.

**Judicial Sales—Caveat Emptor.**—The rule, *caveat emptor*, applies to purchasers at judicial sales, both as to the title, and as to the condition of the property.

**Breach of Agreement to give Security for Purchase-Money—Measure of Damages.**—Where property is sold, to be paid for at a future time, the purchaser to give certain stipulated security, which he fails to give, although the vendor

cannot sue till the stipulated time, upon the promise to pay, he may sue at once for breach of the agreement to give the security; and in such suit, the damages will be the value, to the vendor, of the security, had it been given; and this is, *prima facie,* the amount of the sum to be secured.

Appeal from an order of the district court for Rice county, *Lord,* J., presiding, refusing a new trial.

*J. H. Case,* for appellant.

*Perkins & Mott,* for respondent.

GILFILLAN, C. J.   Henry Chaffee, Charles L. Snyder and this defendant were co-partners, and in their copartnership business owned and used real and personal property. Snyder died, and after his death Chaffee brought suit against this defendant and Margaret Snyder, the widow and administratrix, and Harriet Snyder, the sole heir of the deceased partner, to close up the partnership affairs.   By the judgment in that suit, this plaintiff was appointed receiver, and directed to sell all the real and personal property of the firm, and, pursuant to that direction, he offered for sale at auction, and sold, in one parcel, as the property of the firm, Lots 2, 3, 4 and 5, Block 75, in the town of Faribault, with the buildings, machinery, etc.   This defendant purchased, at the price of $6,800, two-thirds to be paid down, and the other third to be paid in one year, with interest at the rate of seven per cent. per annum, and to be secured by mortgage on the property.   The receiver made his report of sale, specifying the above as the property sold, and the price and terms, and, on the stipulation of all the parties to the suit, the report was confirmed.   The receiver tendered a deed, and demanded performance by defendant, which he refused.   Upon these facts the complaint is based, and demands judgment for $6,800, with interest from April 1, 1873, the date of the tender of the deed.   The court below directed a verdict for the $6,800, with interest from that date at seven per cent. per annum, and the jury found accordingly.

On the trial, the defendant asked leave to amend his answer and set up certain matters of defence not previously

pleaded. The application was denied. It was addressed to the sound discretion of the court, and we see no reason to think that the discretion was not properly exercised.

The defendant insisted, at the trial, that the receiver was not authorized by the judgment to sell Lot 2. He did not claim that it was not the property of the firm; the answer admits that it was. The judgment did not specifically describe the property to be sold, but directed a sale of all the real estate of the firm, which is sufficient authority to sell Lot 2, if, as is not denied, that lot belonged to the firm. And the fact that the complaint, in describing the property of the firm, does not mention Lot 2, does not control the judgment.

He also insisted that, in the parcel offered for sale and sold by the receiver, and bought by him for the $6,800, there was a piece other than the four lots described, and that such other piece was not included in the deed tendered by the receiver. This might have been a good defence, as a man is not obliged to receive any other than the precise property which he purchased, had it not been for the confirmation of the report of sale. The report specifies, as sold to defendant, only Lots 2, 3, 4 and 5. The defendant might have opposed, and, if he claimed that it was incorrect, he ought to have opposed, the confirmation of the report. As he acquiesced in it, he is deemed to have adopted it, and is bound by the order of the court confirming it; *Smith* v. *Arnold*, 5 Mason, 414, 420; and this is especially so after the report has been confirmed, pursuant to his written consent that it shall be.

The defendant objects to comply with the terms of his purchase, on the further ground that the widow of Snyder has a vested right of dower in an undivided one-third of the property, and the wife of Chaffee an inchoate right of dower in an undivided third, and that the receiver did not procure any release of those rights. The rule *caveat emptor* applies to purchasers at judicial sales. *Bashore* v. *Whisler*, 3 Watts, 490; *Fox* v. *Mensch*, 3 Watts & Serg. 444; *King* v. *Gunni-*

*son*, 4 Penn. St. 171 ; *England* v. *Clark*, 4 Scam. 486. The purchaser at such sales knows that nothing can be sold, except the interest of the parties to the suit, and it is for him to ascertain, before purchasing, what that interest is.

This rule applies, not only in respect to the title, but to the condition of the property. The defendant alleges in his answer, that, during the winter prior to the sale, the roof of the building had, by the action of frost, snow and ice thereon, become, and at the time of the sale and confirmation was, wholly ruined and destroyed, and that at the time of the sale he was ignorant of such condition, and that at such times, by reason of the snow and ice, it was impossible for him to ascertain such condition. No fraud or misrepresentations were alleged. Under the rule *caveat emptor*, this is no defence, in whole or in part, to the suit for the price bid.

Two-thirds of the price bid was to be paid at once. The other third was, by the terms of the sale, to be paid in one year. The suit was brought before the year expired, and it is insisted that plaintiff cannot, in this suit, recover that third. Where property is sold, to be paid for at a future time, no suit can, as a general rule, be brought on the promise to pay, till the time stipulated ; but where the purchaser agrees to give security for the deferred payment, and fails to do so, a suit may be maintained for breach of the agreement to give the security ; and in such action, the damages are the value of the security agreed upon,—*prima facie*, the amount of the sum to be secured. *Rinehart* v. *Olwine*, 5 Watts & Serg. 157 ; *Hanna* v. *Mills*, 21 Wend. 90.

In this case, the plaintiff was entitled to recover two-thirds of the price bid, because it was payable at once, and a sum equal to the other third, because it is presumed that the security, if given as agreed upon, would have been worth that to plaintiff.

The order denying a new trial is affirmed.