RUFUS C. JEFFERSON and others *vs.* CHARLES I. McCARTHY and another, impleaded, etc.

## July 1, 1890.

**Bond—Conclusiveness of Recital.**—It is well settled that an allegation or recital in a bond, which is certain in its terms and relevant to the matter in hand, is conclusive between the parties to a controversy growing out of the instrument itself, or the transaction in which it was executed.

**Same—Mechanic's Lien Bond—Recital that Principal is Corporation.** So, sureties upon a bond executed under the provisions of Gen. St. 1878, *c.* 90, § 3, (the mechanic's lien law,) wherein the principal is described as a corporation, will not be permitted to escape from a liability arising by virtue of its terms, under cover of a claim and allegation that said principal had no legal existence as a corporation, or that the persons who acted for it and as its proper officers, in the execution of the bond, had no right or authority so to do.

Action on a bond against mechanics' liens, brought in the district court for Ramsey county, and tried by *Otis*, J., (a jury being waived,) upon whose findings a judgment for $1,072.03 was entered for plaintiffs, from which the sureties in the bond appeal.

*Lawler & Durment,* for appellants.

*Cole, Bramhall & Morris,* for respondents.

COLLINS, J.    This is an action upon a bond executed by an alleged corporation as principal, and these appellants as sureties, (in conformity with the provisions of Gen. St. 1878, *c.* 90, § 3,) unto one Lanpher, for the use of all persons who might do work or furnish materials pursuant to a contract, then existing, whereby said corporation had agreed to erect and complete a dwelling-house for said Lanpher.    The plaintiffs furnished the materials for the house, for which they have not been paid, and for the value of which they seek to recover of the appellant sureties.    The defence attempted is that the principal named in the bond was never duly organized, and had no corporate existence; that the execution and delivery of the instrument was the unauthorized act of four persons—one of whom assumed to be the president of the corporation—out of a larger num-

ber, who had previously attempted to incorporate under the name found in the bond, but who had failed so to do in the manner provided by law, by reason of several specified and purely technical defects in their articles of association, as well as omissions in the various steps prescribed by the statute as requisite in such cases. The record shows that nine persons—among whom were the four just mentioned—had executed and acknowledged certain original articles of incorporation, and that the association thus formed had thereafter transacted business in a corporative character, although it is not improbable that in several details the statute in respect to the formation of corporations had not been strictly complied with. It further shows that Johnson, an original incorporator, had assumed to act, and when the contract with Lanpher was entered into, and the bond executed, was acting, as president of the corporation. There is nothing to indicate that in so acting Johnson was an intruder, or that any other person held or pretended to hold the office of president of the corporation in question. Nor does the record show that other members of the association, if any there were, objected to any of the acts in regard to the contract and the bond which appellants now claim the right to question and litigate. This being the situation,—and we do not intimate that our views would be otherwise upon a different state of facts,—it is not deemed essential for a proper disposition of the case that we should determine whether the principal named in the obligation was a corporation *de jure* or *de facto,* nor even to decide that it was a corporation at all; for, in either event, the appellants are bound by their contract as expressed in the bond, upon the plainest principles of estoppel. They cannot be allowed to defeat their own act or to deny its validity, to the prejudice of another. It is well settled that an allegation or recital in a bond, which is certain in its terms and relevant to the matter in hand, is conclusive between the parties to a controversy growing out of the instrument itself or the transaction in which it was executed. These sureties bound themselves by an instrument, under seal, for the payment of all bills for lumber and material incurred by their principal in the construction of the building mentioned in the contract with Lanpher, and cannot now be permitted to escape

from a liability voluntarily assumed, under cover of a claim and allegation that the principal, pretending to be a corporation, had no legal existence as such, or that the persons who acted for it, and as its proper officers, in the execution of the contract and the bond, had no right or authority so to do.  *People* v. *McComber*, 18 N. Y. 315; *Mason* v. *Nichols*, 22 Wis. 376.  This case is analogous to an action on a bond given for the fidelity and good conduct of another in the execution of a private trust or an official duty, where it is invariably held that the surety cannot aver that his principal was not duly designated or elected, or was subject to a legal disqualification for the place.  Herm. Estop. §§ 631–634, and cases cited.

Judgment affirmed.

A motion for a reargument of this case was denied July 11, 1890.