MECHANICS' SAVINGS BANK OF PROVIDENCE R. I. *vs.* HOUISON THOMPSON.

Submitted on briefs July 2, 1894. Reversed July 23, 1894.

No. 8837.

**Measure of damages on a breach of a bond.**

    A mortgagor, as principal, and others, as sureties, executed to the mortgagee a bond of indemnity to protect the mortgaged premises against liens, paramount to the mortgage, for labor or material furnished, or to be furnished, for the construction of a building which the mortgagor was then erecting on the premises. By reason of a breach of the condition of the bond, the mortgaged premises were sold on a judgment for mechanics'

liens, paramount to that of the mortgage, amounting to about one-fourth of the value of the property, and the mortgage security thereby entirely lost. *Held* that, in a suit on the bond, the mortgagee was entitled to substantial damages, although the debt secured by the mortgage was not yet due.

**A question that is not argued will not be decided.**

The question whether the measure of damages would be the value of the premises, or only the amount of the removable liens upon which they were sold, is not decided, because not discussed by counsel.

Appeal by plaintiff, the Mechanics' Savings Bank of Providence, R. I., from a judgment of the District Court of Ramsey County, *John W. Willis*, J., entered March 15, 1894, that it recover of defendant, Houison Thompson, one dollar.

On May 1, 1890, the Standard Investment Company of St. Paul loaned to Hans K. Helbostad $3,500 to be repaid five years thereafter with interest semiannually. The loan was secured by his note and a mortgage on lot 14 in block 28 in Mackubin & Marshall's Addition in St. Paul on which Helbostad was then building a two story frame dwelling house. To induce it to make the loan Helbostad as principal with Houison Thompson and Charles Malmo, as sureties, made to it their joint and several bond in the penal sum of $3,500, conditioned to be void if Helbostad should pay all claims for labor performed and material furnished and keep the property free from paramount liens, otherwise of force. On May 22, 1890, the Standard Investment Company sold and assigned the debt, note, mortgage and bond to plaintiff. The H. Thompson Lumber Company, a corporation, of which defendant Houison Thompson was president and manager, furnished Helbostad lumber and other material for the house to the value of $621.75 and filed a paramount lien therefor and foreclosed it by action, making the Mechanics' Savings Bank a party defendant with others. The property was sold January 25, 1892, under the judgment in that action and bid in by said H. Thompson Lumber Company for $966. The sale was confirmed and it received the sheriff's certificate. No redemption was made. The H. Thompson Lumber Company became the owner of the property and the lien of plaintiff's mortgage was extinguished. The house and lot were worth $3,500. Helbostad became worthless and absconded. This action was commenced April 29, 1893, against

Houison Thompson on the bond to recover $3,500 damages sustained by plaintiff on account his failure to keep the property free from liens paramount to its mortgage. The court made findings of these facts and as conclusion of law held plaintiff entitled to only one dollar nominal damages. Judgment was entered for that amount and plaintiff appeals.

*J. C. Michael,* and *Stevens, O'Brien, Cole & Albrecht,* for appellant.

The bond was not given to secure the payment of the mortgage note, but to secure the preservation of the mortgage security, and to keep the mortgage a first lien upon the premises. It is true that if the mortgage debt were now paid the plaintiff would not be substantially damaged, but it will not be due until May 1, 1895. It will not do to say that plaintiff has no substantial interest in the preservation of its mortgage security, pending the maturity of the debt, especially when it is shown that Helbostad is insolvent.

When insolvency is once shown it is presumed to continue until the contrary is shown. *Mullen* v. *Pryor,* 12 Mo. 307; *Body* v. *Jewsen,* 33 Wis. 402; *Donahue* v. *Coleman,* 49 Conn. 464; *Safford* v. *Grout,* 120 Mass. 20; *Brown* v. *Brooks,* 25 Pa. St. 210.

To illustrate the value of this security and the damage the plaintiff has sustained by its destruction, suppose the plaintiff to attempt to sell this note under the present state of affairs. With the security the note is worth its face. Without the security, the maker being insolvent, it is worthless. This is none the less true because the note is not yet due.

*David F. Peebles,* and *John W. Lane,* for respondent.

For a breach of the condition of the bond the plaintiff can only recover the damages which are the natural and proximate result of the breach such as were contemplated by the parties to the bond when it was executed. If the plaintiff has assumed nothing and paid nothing, it has not been damaged as a natural and proximate result of the breach and can recover no more than nominal damages. The theory of plaintiff that it can recover damages for the loss of the security would in effect enable it to recover the amount it claims twice, once on the bond and again on the note when it becomes due.

The amount of damages plaintiff might have claimed, if it had placed itself in a position to claim them, by redeeming, would be the amounts so paid.    Not having paid anything, it has not been damaged.

MITCHELL, J.    This case comes up on appeal from the judgment without either a bill of exceptions or case; and the only question is whether the judgment is justified by the findings of fact.    The material facts found are that plaintiff's assignor made a loan of $3,500, for five years, to one Helbostad, secured by mortgage on certain real estate, upon which the mortgagor was then constructing a building; that, as part of the same transaction, Helbostad, as principal, and the defendant, as surety, executed to plaintiff's assignor a bond conditioned to pay all claims for work performed or material furnished, in the erection and completion of the building on the mortgaged premises, and to keep them free and clear of all liens for such labor or material.

The condition of the bond was broken, and liens to the amount of $874.14, paramount to the lien of the mortgage, accrued for labor and material for the building, which were enforced by judgment, upon which the premises were sold to a third party, for the amount of the liens, interest, and costs.    The time of redemption expired, and plaintiff's mortgage security was entirely lost.    The premises were worth $3,500.    The debt secured by the mortgage is not yet due.    Helbostad is wholly insolvent, and has removed from the state.

In an action on the bond, the court awarded to plaintiff only nominal damages, apparently upon the theory that, as the debt secured by the mortgage was not yet due, the plaintiff had sustained no substantial damages.    This, we think, was error, for the gist of the action was the loss, not of the debt, but of the security.

In view of the general purpose of the bond, as indicated by its subject-matter and the relation of the parties to the property, it must be construed as a contract of indemnity to protect the mortgaged premises against paramount liens which would impair or destroy the security.    *American B. & L. Ass'n* v. *Waleen*, 52 Minn. 23, (53 N. W. 867.)    Hence damage must be shown before the party indemnified can recover, and compensation can only be given for loss actually sustained.    But the contract of the bond was not to pay the mortgage debt, but to protect the mortgage security.    The plaintiff

had a right to the benefit both of the personal obligation of the mortgagor and of the security of the mortgage. By reason of the breach of the condition of the bond, plaintiff has lost the latter, and has remaining only the former. The court finds that the mortgagor is insolvent, but we do not consider that fact material. That the plaintiff has sustained and is entitled to recover substantial damages is, we think, self-evident. See *Barron* v. *Mullin*, 21 Minn. 374. Whatever damages it recovers will amount to payment *pro tanto* of the mortgage debt.

While the mortgage security has been entirely lost, yet it has been lost on removable liens (that is, liens which plaintiff might have removed by paying them) for $874.14, while the property was worth $3,500. The question is whether, under the circumstances, the measure of damages is the value of the property or the amount of the liens. While plaintiff's attorneys have assumed that the former would be the rule, yet neither side has discussed nor referred to the point, but they have devoted themselves entirely to the general question whether the plaintiff was entitled to substantial or only nominal damages. However strong our impressions on the subject may be, we do not feel called upon to pass upon a question which counsel have not discussed, and upon which they have given us no aid in their briefs. We shall therefore merely reverse the judgment. We may suggest, however, that, as a covenant against incumbrances has been converted in this country into merely one of indemnity, doubtless decisions in actions for a breach of that covenant will be of aid in solving the question of the proper measure of damages in this case.

Judgment reversed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 1054.)