JOHN H. BURKE *vs.* BARNUM & BAILEY.

MARCH 1, 1917.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Attachment.   Estoppel.   Bonds.*

Where a plaintiff attached the goods and chattels of a co-partnership, describing the defendant in the writ as a *corporation*, and defendant gave bond under Gen. Laws, 1909, cap. 300, § 16, which bond described defendant as a corporation, and obtained the attached goods from the sheriff, by such recital in the bond the defendant is estopped to deny that it is a corporation.

*(2)   Attachment.   Bonds.   Estoppel.*

Where a plaintiff attached the goods and chattels of a co-partnership, describing the defendant in the writ as a *corporation*, and defendant gave bond under Gen. Laws, 1909, cap. 300, § 16, which bond described defendant as a corporation, and also appeared and pleaded in its *corporate* character, it was not necessary for plaintiff to prove the fact of the incorporation otherwise than by the recital thereof by defendant in the bond introduced in evidence by plaintiff and further by appearing and pleading in its corporate character, defendant could not thereafter deny such fact.

*(3)   Attachment.   Bonds.   Estoppel.   Proving Capacity of Defendant.*
       *Rules Superior Court.   Notice.*

Where a plaintiff attached the goods and chattels of a co-partnership describing the defendant in the writ as a *corporation*, and defendant gave bond under Gen. Laws, 1909, cap. 300, § 16, which bond described defendant as a corporation, and also appeared and filed the general issue in its *corporate* character and gave notice to plaintiff to prove the corporate character of defendant in accordance with Superior Court Rule No. 18,

*Held,* that from the language of the rule it would be inferred that action by a justice upon the motion was necessary in order to put plaintiff upon proof of such capacity, but if the notice alone was sufficient for such purpose, plaintiff complied with the requirements of proof by the introduction in evidence of the bond containing the recital of said corporate capacity.

*(4)   Attachment.   Estoppel.   Bonds.   Judgment.*

Where a plaintiff attached the goods and chattels of a co-partnership, describing the defendant in the writ as a *corporation*, and defendant gave bond under Gen. Laws, 1909, cap. 300, § 16, which bond described defendant as a corporation and obtained the attached goods from the

sheriff, and also appeared and pleaded in its *corporate* character, a judgment against defendant would be *in personam*, and the bond would stand to pay the judgment. If the bond should not be sufficient to pay the judgment, any difficulty of plaintiff in collecting the balance could not be urged by defendant against the entry of such judgment.

TRESPASS ON THE CASE. Heard on exceptions of defendant and overruled.

JOHNSON, C. J. This is an action of trespass on the case to recover damages for personal injuries. A trial was had in the Superior Court before Mr. Justice Brown and a jury and resulted, on December 30, 1915, in a verdict for plaintiff for $875. The defendant's motion for a new trial was denied, and the case is now before this court on the defendant's bill of exceptions.

The declaration of the plaintiff is in one count and sets up in substance that the defendant corporation, in June, 1910, was engaged in conducting a circus in the city of Cranston, Rhode Island, and that the plaintiff, having paid the defendant corporation the price of admission, was witnessing the circus performance in the tent and at the place provided by the defendant corporation, when said defendant corporation, by its agents and servants, negligently caused certain horses and vehicles to be driven against and over the plaintiff (he being then in the exercise of due care), and thereby caused the plaintiff to be severely and permanently injured.

How far the evidence adduced at the trial supported the allegations of the declaration in reference to the manner and circumstances of the alleged injury to the plaintiff we are not called upon to decide, as a transcript of the entire testimony is not before this court, the transcript being certified as a true copy of all the evidence given by witnesses at the trial " in reference to the question whether or not the defendant in said case is a corporation, also the rulings of the court in reference to the same question."

The plaintiff having attached the goods and chattels of the defendant upon his original writ, the defendant gave (1) bond to the sheriff under the provisions of Gen. Laws, 1909, Chap. 300, § 16, and said goods and chattels were surrendered by the sheriff to the defendant.

In the transcript certified, it appears that the bond given by the defendant to the sheriff was offered in evidence by plaintiff's counsel; that defendant's counsel objected to the reading of the bond; that the objection was overruled and defendant's counsel excepted. The bond was then read in evidence. In the bond the defendant is described as " Barnum & Bailey, a corporation doing business in the State of Rhode Island," and the bond is signed, " Barnum & Bailey by Frank A. Cook, Agent." The transcript then proceeds as follows: " Mr. Cooney: I desire to offer proof — I don't know as there is any question about it — of the fact that the bond which we offer is part of the plaintiff's case, signed ' Barnum & Bailey ' by Frank A. Cook, agent; that it was signed in fact by Frank A. Cook, who ostensibly was in charge of the show of Barnum & Bailey at the time the sheriff served this writ of attachment — I think Mr. Cook is here in person this morning — on the 6th of June, 1912.

" Mr. Hart: We raise no question that it was signed by Mr. Cook, this gentleman in court here now, not admitting that he was in charge of the show. With that exception, we will admit that. There is no question of the validity of the bond and we are bound under the bond and will make good any verdict obtained under it.

" We admit the authority of Mr. Cook to make this bond.

" Mr. Cooney: And that Mr. Cook signed it as and for Barnum & Bailey?

" Mr. Hart: Yes."

For the defence Frank A. Cook testified that the manager of the Barnum & Bailey Circus in June, 1910, was

Otto Ringling; that the Barnum & Bailey Circus at that time was not owned by a corporation, but was owned by Otto Ringling and his four brothers, John, Henry, Alfred T., and Albert Ringling, in the capacity of copartners.

Defendant's second request to charge, the refusal of which is the basis of the defendant's second exception, reads: " If there is no evidence that satisfies you by a preponderance of its weight that the Barnum & Bailey Circus was owned or conducted by a corporation in Cranston in June, 1910, by a foreign corporation, your verdict must be for the defendant."

The remainder of the transcript certified contains the motion of defendant's counsel for the direction of a verdict for the defendant, his argument thereon, and the denial of said motion by the trial judge. The only portion of said argument bearing upon the question before us is the following: " Thirdly, we have given the necessary notice under the rule to require the plaintiff to prove the capacity of the defendant in which he was sued, and the only testimony offered was that put in over our objection, namely, the bond in which the defendant is named, and named similar to that which he is named in the writ, signed by Frank A. Cook, agent of Barnum & Bailey, and Your Honor having admitted that to make a *prima facie* case of the capacity of the defendant, we have attempted by Mr. Cook's positive testimony to show that there is no such corporation: that the Barnum & Bailey Show is owned by a partnership, naming the members of the partnership in 1910 at the time of the alleged accident."

The defendant's bill of exceptions contains three exceptions:

(1) To the ruling of said justice as appears on page 2 of the transcript of testimony filed herewith overruling the objection of the defendant's attorneys to the reading by the plaintiff's attorney and the offering in evidence

of the sheriff's bond for the release of attachment given in this case, and the admission of said bond in evidence; the defendant's exception to which ruling is noted on said page 2 of said transcript of testimony.

(2) To the refusal of said justice to charge the jury as appears in said defendant's second request to charge as set forth on page 7 of said transcript of testimony, the exception to which refusal is noted on said page 7.

(3) To the ruling of said justice as appears on page 22 of said transcript denying the motion of the defendant's attorneys to direct a verdict for the defendant upon the ground stated thirdly in said motion, *viz.*, that the plaintiff had failed to prove the incorporation of the defendant or the character, capacity or condition of the party defendant as set forth in the declaration of the plaintiff, said motion appearing on page 8 of said transcript of testimony, the said ground stated thirdly appearing on page 9 of said transcript and the exception of the defendant to said ruling being noted on page 22 of said transcript of testimony.

Defendant's counsel say in their brief: " The three exceptions raise just three questions. First Question — Exception (1) — Was the sheriff's bond offered in behalf of the plaintiff properly admitted as evidence of the incorporation of the defendant? Second Question — Exceptions (2) and (3) — Did the evidence at the trial warrant a finding that the defendant was a foreign corporation? Third Question — Exceptions (2) and (3) — Was it necessary to entitle the plaintiff to a verdict that he should prove the incorporation of the defendant? "

Defendant's counsel say that " the testimony in this case fails to connect in any way the defendant ' Barnum & Bailey's Circus, alias Barnum & Bailey Exhibition Company, a foreign corporation,' with Cranston, Rhode Island, in June, 1910, or with the act of negligence complained of. The testimony shows conclusively and with-

out any shadow of contradiction that the named defendant corporation had no part in and could have had no part in the act of negligence to which the plaintiff attributes his injuries. Even the sheriff's bond above referred to contains no reference, directly or indirectly, to the whereabouts or the existence of the defendant corporation in June, 1910. In fact, there is nothing in evidence tending to prove that the defendant named was in existence at that time, or ever was in existence before or after that time. We know from the evidence that the defendant corporation was not responsible for the negligence complained of. Such being the case, no verdict should stand and no judgment should be entered against the defendant corporation on the proof made, and it matters not whether there ever was or now is such a corporation." Counsel further say: " Unless it appears that there now is in existence such a legal entity as ' Barnum & Bailey's Circus, alias Barnum & Bailey Exhibition Company, a foreign corporation,' no judgment should be entered against a defendant so named in any event, regardless of whether it is shown that such an entity did previously exist and was guilty of the negligence complained of."

By the execution of the bond the defendant obtained the goods from the sheriff and the plaintiff lost his lien upon the defendant's property attached. By the recital in the bond the defendant is estopped to deny that it is a corporation. " If there be one principle of law more clear than another it is this, that where a person has made a deliberate statement with a view to induce another to act, the former is not at liberty to deny the truth of the statement so made. When in the course of legal proceedings an attempt is made to violate this principle, the law replies in the words of the maxim ' *allegans contraria non est audiendus*,' and by applying the doctrine of estoppel therein contained, prevents the unjust conse-

quences which would otherwise ensue.'' Herman on Estoppel, § 4.

''An estoppel may be said to arise when a person executes some deed, or is concerned in or does some act, either of record or *in pais,* which will preclude him from averring anything to the contrary. Or, as Lord Coke defined it: ' It is called an estoppel or conclusion, because a man's own act or acceptance stoppeth or closeth up his mouth to allege or plead the truth.'' 10 Ruling Case Law, 675.

In *Easton* v. *Driscoll,* 18 R. I. 318, this court, speaking of the third plea in said case, said: '' It alleges the fact of the making of the attachment, by the plaintiff constable, of certain goods and chattels set out to him as the goods and chattels of the defendant Driscoll; of the subsequent tender and delivery to the plaintiff of the bond in suit, and also of the surrender thereupon of said goods and chattels so attached, to the said defendant. In the face of these allegations it then proceeds to state that said plaintiff did not in fact make any levy of the writ of attachment upon said goods and chattels or upon any part thereof. This the defendants cannot be allowed to do. For it is a well settled rule of law that where a distinct statement of fact is made in the recital of a bond, it is not competent for the party bound, to deny the recital, in an action upon the instrument and between the parties to it. Murfree on Official Bonds, § 133. And where parties intervene, as they have done in this case, and obtain the release and surrender of the property attached, by giving a statutory bond to the officer, they are certainly estopped from denying the fact that said property has been attached. Indeed, they have judicially admitted it by the act of giving said bond.'' The same principle is stated in many cases. See *Jefferson* v. *McCarthy,* 44 Minn. 26, 27; *Loaners' Bank* v. *Jacoby,* 10 Hun, 143; *Frost* v. *White,* 14 La. Ann. 140; *Pierce* v.

*Whiting,* 63 Cal. 538; *Bursley* v. *Hamilton,* 15 Pick. 40; *Jewett* v. *Torrey,* 11 Mass. 219; *Lyman* v. *Lyman,* 11 Mass. 317.

(2)    The defendant therefore could not be heard to deny that it was a corporation. Such being the case, it was not necessary for the plaintiff to prove such fact otherwise than by the recital thereof by the defendant in the bond introduced in evidence. In addition to the estoppel by the recital in the bond, the defendant has appeared and pleaded in its corporate character. It could not thereafter deny its corporate character. See *North & South Rolling Stock Co.* v. *People,* 147 Ill. 234, 24 L. R. A, 462, where the court says: " The weight of authority may now be regarded as sustaining the proposition that the effect of filing an information against a corporation by its corporate name, to procure the forfeiture of its charter, or to compel it to disclose by what authority it exercises its corporate franchises, is to admit the existence of the corporation. When, therefore, the information is filed against the defendant in its corporate name, and process is issued and served accordingly, and the defendant appears and pleads in the same corporate character, its corporate existence cannot afterwards be controverted. High, Extr. Legal Rem., § 661."

See also *South East, etc., R. Co.* v. *Evansville, etc., R. Co.,* 169 Ind. 339, 14 Am. & Eng. Ann. Cas. 214, 216, where the court says: " It is finally contended that there is no statute in Indiana under which a railroad such as that described in the answer can be incorporated, and for that reason appellee has no right to cross appellants' right of way and track. Appellants' complaint and the answer assailed both aver that appellee ' is a corporation organized under the laws of the State of Indiana,' and engaged in the construction of an electric interurban railway.

" This objection was not made one of the grounds of

appellants' complaint for injunction, but is suggested for the first time in appellants' brief in challenging the sufficiency of appellee's answer. If it were conceded that appellants could raise such question in this collateral way, still, as the matter stands before us, it is admitted that appellee is duly incorporated under the laws of this State, and has been granted the right by the proper authority to construct a railroad upon the public highway described, and is apparently acting within its charter rights. There is nothing in the answer to advise us whether appellee owns and operates a street railroad within either of the terminal cities, in connection with its proposed interurban road, and we are not to be understood as intimating that such fact is at all necessary. It will suffice to say that upon the admitted facts appellants' objection is clearly untenable."

(3)   The defendant filed the general issue only. It is stated by the attorneys both for the plaintiff and for the defendant in their briefs that the defendant before trial notified the plaintiff that it would require him to prove the corporate character of defendant in accordance with Superior Court Rule No. 18.

Among the papers is a motion by defendant's attorneys, filed May 12, 1914, " that the plaintiff herein be put upon proof of the character, capacity and condition of the party or parties defendant herein as set forth in his declaration herein," to which is attached a notice " that said motion will be called for hearing before a justice of said Superior Court sitting at Providence, R. I., on Saturday, May 16, 1914, at 9:30 A. M.," with an affidavit of service of said notice upon plaintiff's attorneys, dated May 12, 1914. This is file-marked May 16, 1914. Nothing in the papers or on the jacket thereof shows any action by any justice of the Superior Court upon said motion.

Superior Court Rule 18 reads: " The signature of any

party to an instrument in writing, where such instrument is counted upon as the cause or basis of the action, need not be proved to sustain the action unless a notice to prove the same accompany the plea, or unless, upon motion and for cause shown before the cause is called for trial, it be otherwise ordered.

"A like notice shall be given to plaintiffs, suing as a corporation or as copartners, to put them upon proof of their incorporation or copartnership, or of their representative capacity, when suing as executors, administrators, or trustees; and also to put them upon proof of the character, capacity, or condition of parties defendant, as set forth in the declaration, unless issue upon the same be made by special plea."

From the language of said rule we infer that action by a justice upon said motion was necessary in order to put the plaintiff upon proof of said capacity. The defendant's counsel from the form of the motion and the notice thereof served upon plaintiff's attorneys seem to have construed the rule in the same way. If, however, the notice in question was sufficient to put the plaintiff to proof of the corporate capacity of the defendant, we think that the same was complied with by the introduction in evidence of the bond containing the recital of said corporate capacity.

We have not considered it necessary to discuss cases and authorities cited by defendant's counsel as to the effect of a dissolution of a corporation, by operation of law, upon actions pending against it, as we have here no suggestion of the dissolution of the defendant corporation which has appeared and answered in this case.

(4)    The difficulty as to the entry of a judgment against the defendant in this case argued by the defendant's counsel does not seem to us to be real. As is said in 6 Corpus Juris, p. 33, § 7: "Attachment is sometimes spoken of as being *in rem;* but, strictly speaking, this is

incorrect, as a proceeding *in rem* is taken irrespective of parties and is binding on the whole world, while the attachment affects the particular debtor only and is binding on him alone, and the property is brought before the court merely in aid of the remedy against the individual sued. The fact is that the proceeding by attachment is of a dual nature, partaking of the nature of a proceeding *in rem* and also of an action *in personam*. When no jurisdiction is obtained over the debtor's person, the remedy partakes of the nature of a proceeding *in rem,* in that it proceeds against the property in the custody of the court and the judgment binds such property only; but where jurisdiction of the debtor's person is obtained, either by personal service or appearance, the proceeding is ordinarily *in personam,* and a personal judgment is rendered without regard to the attachment.''

The defendant having appeared and answered, the judgment would be *in personam*. The bond stands to pay the judgment. If the bond should not be sufficient to pay it the trouble of the plaintiff in collecting the balance would give no cause of complaint to the defendant.

The defendant takes nothing by its exceptions.

All the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff upon the verdict.

*Cooney & Cahill,* for plaintiff.

*Comstock & Canning, Henry C. Hart,* for defendant.