T. D. CONROY, Appellee, v. COUGHLON AUTO COMPANY et al.,
Appellants.

EVIDENCE:  Value of Automobile on Accounting—Sale Price on
Mortgage Foreclosure.  In an action for accounting on the re-
scission of sale of automobile, where the automobile had been
sold at mortgage foreclosure execution sale to satisfy mortgage
and note which had been given by plaintiff to defendant as
part of the purchase price, said mortgage having been fore-
closed by defendant's assignee, held that the price for which
the automobile was sold at such sale was competent evidence
of its value.

SALES:  Accounting for Value of Automobile on Rescission of Sale
—Costs of Foreclosure Sale.  In an action for accounting on
the rescission of sale of automobile, where defendant was en-
titled to a credit for the value of the automobile which he
had sold plaintiff, and the automobile had been sold at mort-
gage foreclosure execution sale on note and mortgage given
by plaintiff to defendant as part of the purchase price by de-
fendant's assignee, held that the costs of the sale were a debt
of the plaintiff's, and that the defendant should be given credit
for the full value of the car, without any deduction for said
costs.

SALES:  Rescission—Accounting—Application of Amount Due Buyer
on His Debt on which Seller Secondarily Liable.  In an action
for accounting on the rescission of sale of automobile, where
it was found that plaintiff was entitled to recover from defend-
ant the amount of note given by plaintiff to defendant as part
of the purchase price of the automobile, which said note and
mortgage securing the same on said automobile had been fore-
closed by defendant's assignee, and deficiency judgment thereon
secured against plaintiff, and on which said note defendant was
secondarily liable, held that the said amount due plaintiff from
defendant should be first applied to extinguish said unpaid de-
ficiency judgment.

Appeal from Webster District Court.—R. M. WRIGHT,
Judge.

MARCH 14, 1919.

REHEARING DENIED JULY 2, 1919.

ACTION for an accounting upon the rescission of a contract. The trial court entered judgment for a balance in favor of plaintiff. The defendant appeals.—*Modified and affirmed.*

*M. C. Coughlon* and *M. J. Fitzpatrick,* for appellants.

*S. A. Frick* and *E. C. Stevenson,* for appellee.

EVANS, J.—The case was before us upon a former appeal, 181 Iowa 916. The question involved then was that of the right of plaintiff to rescind the contract under consideration. We held that he was entitled to the rescission, and that, though both parties had disposed of the exchanged property, the remedy could be enforced by an accounting as to values. The cause was reversed and remanded, with directions to the trial court to take an accounting of value. In that case, we said:

"True, defendants have disposed of the property received, as well as the note and mortgage; but this may be adjusted by an accounting for the value of the property and an appropriate provision in the decree with respect to the note and mortgage, whereby both parties may be protected. * * * It should be added that the contract rescinded was a mere trading contract, and values appear to have been estimated for that purpose. Therefore the plaintiff should be allowed no more than the value of the Ford automobile, team, wagon, harness, and blankets, the estimated values not being conclusive, but evidence merely of the worth thereof. * * * The cause will be remanded to the trial court, with instructions to determine from the evidence such values, and enter a decree in harmony with this opinion."

By the contract of exchange, which was later rescinded, the plaintiff delivered to the defendant a Ford automo-

bile, a team, harness, and wagon, and his note for $425. He received in exchange therefor from the defendant an automobile known in the record as "Detroiter," taken at a valuation of $930.

In taking account of the values of the property involved, the trial court fixed the value of the property delivered by the plaintiff at $450, and fixed the value of the promissory note at $425, its face value. It fixed the value of the Detroiter car received by the plaintiff from the defendant at $177. From this amount, certain costs were deducted, and the balance, $150, was allowed as a credit to the defendant.

It is made to appear that the Detroiter car was mortgaged by the plaintiff to the defendant, to secure the note of $425. This note and mortgage were transferred by the defendant to one Hoyer by endorsement. Hoyer foreclosed the mortgage, and obtained judgment against the plaintiff for the full amount thereof, and sold the Detroiter car under execution sale for a bid of

1. EVIDENCE: value of automobile on accounting: sale price on mortgage foreclosure.

$177. The trial court treated this public bid and sale as evidence of the value. It was undoubtedly competent for that purpose. It cannot be said, therefore, that this finding was without support in the evidence.

Two particular complaints are directed by appellant against the action of the trial court:

First. That there was no warrant for withholding from the defendant credit for the full amount of $177, found as the value of the car. We infer from the record that the sheriff, in making his return, deducted from the amount of the bid the amount of his own costs, of approximately $27, and applied the remaining $150 on the judgment in favor of Hoyer. The trial court credited the defendant with $150, and not with $177.

2. SALES: accounting for value of automobile on rescission of sale: costs of foreclosure sale.

We think the complaint of the appellant at this point is well taken. The costs which absorbed a part of the $177 were a debt of the plaintiff's, and not of the defendant's. The value of the car having been fixed at $177, the full amount thereof should have been credited to the defendant in the accounting.

Second. It appears that the judgment and decree obtained by Hoyer against plaintiff Conroy in his foreclosure suit has never been paid, except that a credit has been entered thereon for the amount of $150, realized by the execution sale of the car. Though the defendant herein is not a party defendant to that judgment in favor of Hoyer, it is, nevertheless, secondarily liable on the original note as an endorser. The defendant asks that the amount found due the plaintiff by reason of the note delivered by him to the defendant, and sold by the defendant to Hoyer, shall be first applied in extinguishment of the Hoyer judgment. Such a course would extinguish the transaction completely, and would fully protect the plaintiff against all liability on the note. We think the relief thus prayed was equitable, and operated to the protection of both parties, and to the relative advantage of neither over the other. The liability of the plaintiff for the payment of the judgment was the measure of his right of recovery from the defendant. The plaintiff should not be permitted to speculate upon his apparent insolvency. Plaintiff's liability having fixed the measure of his recovery, let the recovery be first applied to the extinguishment of the liability.

In the two respects here indicated, the decree below will be modified. In all other respects, it will be affirmed. The defendant may have a remand of the case for the purpose of this modification, or may take decree in this court,

3. SALES: rescission: accounting: application of amount due buyer on his debt on which seller secondarily liable.

at its election. Let each party pay one half of the costs of this court.—*Modified and affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.