## MOSES STRIMLING v. UNION INDEMNITY COMPANY.[1]

August 5, 1927.

No. 26,051.

**When condition of bond against mechanics' liens is broken.**

> A bond given to a mortgagee to protect his security against mechanics' liens recited that certain lien claims had been filed which, if valid, would affect the security of the mortgage. The bond was conditioned for the payment of all claims for labor and material furnished or used in the recent erection of a building on the mortgaged premises. In the absence of appeal or supersedeas, the condition of the bond was broken by the entry of judgment perfecting the liens and subjecting the mortgaged property to sale, the judgment remaining unpaid.

Actions, 1 C. J. p. 1151 n. 73, 77.
Mechanics Liens, 40 C. J. p. 358 n. 4 New.

Plaintiff appealed from an order of the district court for Ramsey county, Hanft, J., sustaining a demurrer to the complaint. Reversed.

*Leonard, Street & Deinard,* for appellant.
*Herbert T. Park,* for respondent.

STONE, J.

Appeal by plaintiff from an order sustaining a general demurrer to his complaint in an action to recover on a bond against mechanics' liens, the argument successful below being that the action was prematurely brought.

The complaint makes the facts appear about as follows: The bond was furnished by defendant as surety and one McDonald as principal to Michael Connor (to whose rights plaintiff has succeeded) as the mortgagee in a $15,000 second mortgage on a Lyndale avenue property in Minneapolis then owned by McDonald. It recites the erection of a store building thereon by McDonald, and proceeds thus:

[1]Reported in 215 N. W. 67.

"whereas mechanic lien claims have been filed against said premises, which if valid liens  *  *  *  will affect the security of said mortgage, and whereas the said mortgage warrants that the title to said premises is free and clear of all liens excepting only prior first mortgage,

"Now therefore, if the said principal [McDonald] shall well and truly pay or cause to be paid, all claims of whatsoever nature or kind for labor performed on, or material furnished in and about the erection and construction of the said building  *  *  *  then the above obligation to be void, otherwise to remain in full force and virtue."

The liens referred to were not paid. They amount to more than $10,000 and were perfected by judgment May 9, 1925. The property was sold under foreclosure of the first mortgage, November 9, 1925, for an amount which, with the lien judgment, apparently absorbed the whole value of the property. Thereafter the second mortgage was foreclosed and the property bid in by a third party, subject to the first mortgage and the lien judgment, for only $15. This action on defendant's bond followed, and its purpose is to recover because of the lien judgment. McDonald, the judgment debtor and defendant's principal, is alleged to be insolvent. The period of redemption from the foreclosure of the first mortgage did not expire until November 9, 1926. This action was brought October 29, 1926. The argument which prevailed below supposes as a premise that the principal, McDonald, had until the expiration of that period to pay the lien judgment and protect plaintiff to the extent required by the bond. The conclusion is that there could have been no default under the bond until after November 9, 1926, and that this action, commenced October 29, 1926, was premature by ten days.

We consider that argument erroneous because based on a false premise. True, the bond does not expressly fix any time within which, in order to avoid default, the principal should "well and truly pay or cause to be paid" outstanding claims for labor or material. But the intent is clear. That lien claims had already

been filed is recited, together with the result that if they were valid the security of the mortgage would be affected, the final recitation of inducing fact being that the mortgage had warranted the title free of all liens excepting only that of the first mortgage. The purpose plainly was to confirm that covenant and secure its performance. Wood v. Pacific Surety Co. 116 Minn. 474, 134 N. W. 127. We must hold then that the obligation of the bond was breached the moment the covenant of the mortgage was broken by a lien of the kind against which the bond was intended to protect. The bond indemnified not only against the foreclosure of liens, but also and expressly against "valid liens," which by the judgment confirming and fixing them as liens would breach the covenant against encumbrances. Speaking more accurately, the indemnity was against the effect of valid liens on the security of the mortgage. But the result is the same, for the deleterious effect of the liens on the security would be made definite and certain by the judgment and its attendant right of sale to the exclusion of the junior mortgage.

The obligation of the principal being to prevent the ripening of claims into enforceable liens by judgment, the breach came with the judgment and the failure promptly to pay it. We do not ignore the right of the judgment debtor to stay proceedings by appeal and supersedeas. But no such element is present here, and we do not consider its effect upon the right of action against the surety. All we hold is that, in the absence of an appeal and supersedeas, the condition of the bond was broken by the entry of the judgment liquidating the lien claims and making them effective as an encumbrance upon the property and subjecting it to sale. While the ultimate protection of the bond may have been against the loss of title under a lien judgment, its initial and plainly expressed purpose was protection against "valid liens" from which a judgment might arise. So while it might not thwart the entire purpose of the bond to hold otherwise, we consider that its whole purpose can be effected only by making the obligation of the principal applicable the moment the judgments are entered and holding that a breach occurs if there is default in payment—that, of

course, in the absence of appeal or supersedeas. The judgment, as already suggested, merged the lien claims and subjected the property to immediate sale, thereby putting in distinct and serious jeopardy the security of a subordinate mortgage. Therefore, to say that both the covenant of the mortgage against encumbrances and the condition of the bond given to secure performance of that covenant and protect the title against valid liens are not broken by the judgment and its nonpayment (there being no appeal and supersedeas) is to ignore the whole purpose of both covenant and bond. So any interpretation leading to that result must be rejected.

Breach of the condition having occurred before the commencement of the action, the remaining question is whether the complaint shows the resulting damage necessary to make a cause of action. "Compensation can only be given for loss actually sustained." Mechanics Sav. Bank v. Thompson, 58 Minn. 346, 59 N. W. 1054. On this point the complaint makes it appear that when the sale took place under plaintiff's mortgage (assigned to him by Connor) the value of his security had been reduced by the amount of the lien judgment and that, nothing else appearing, he was damaged accordingly (compare Funk v. Voneida, 11 S. & R. 109, 14 Am. D. 617.), at least to the amount remaining due on the mortgage debt. On that point it is alleged that, the mortgagors being insolvent, the debt has become a total loss by reason of the prior lien judgment. Our conclusion is that the action was not premature.

Order reversed.