# MOSES STRIMLING v. UNION INDEMNITY COMPANY.[1]

December 7, 1928.

No. 26,925.

[1]Reported in 222 N. W. 512.

*Herbert T. Park,* for appellant.
*Leonard, Street & Deinard,* for respondent.

OLSEN, C.

Appeal by defendant from a judgment.

Plaintiff purchased a note secured by a second mortgage upon real estate in Minneapolis. The mortgage was subject to a prior mortgage on which there was an unpaid balance of some $72,000. A large building was being erected upon the property, and lienable claims existed and would arise from the building operations. As a protection and further security for plaintiff's mortgage, the defendant had issued to the holder thereof its indemnity bond, conditioned that the defendant would well and truly pay or cause to be paid all claims for labor performed and materials furnished in the erection and construction of the building on the premises. Liens accrued against the premises resulting in a judgment, in a mechanics' lien action, in the amount of $10,497.61, entered May 9, 1925. Defendant failed to pay the lien claims or the judgment thereon. No sale has been made under this judgment. By agreement between the holder of the mechanics' lien judgment and the holder of the first mortgage, the judgment was made subject and inferior to the first mortgage, but such judgment remains superior to plaintiff's mortgage. The first mortgage was foreclosed by advertisement on November 9, 1925, and the property bid in for some $74,000. So far as appears, no one redeemed therefrom. Plaintiff foreclosed his mortgage by action, and sale was had on October 5, 1926. Under the decree of foreclosure, the premises were sold to a third party, as purchaser, for the sum of $15. The sale was confirmed by the court. Plaintiff then brought this action to recover damages from defendant for breach of the condition of its bond, failure to pay the lien judgment. Plaintiff recovered judgment for an amount equal to the unpaid balance of $8,100 and interest on his note and mortgage, and an item of $103, expense incurred by him in defending against the mechanics' lien action. The appeal is from this judgment.

■ The appeal presents the question whether the evidence sustains the findings as to damages and the recovery thereof beyond a nominal amount.

The bond sued upon is held to be a contract of indemnity to protect plaintiff's mortgage against paramount liens which would impair or destroy the security. In order to recover more than a nominal amount the plaintiff must prove damages, and compensation can be awarded only for loss actually sustained. American B. & L. Assn. v. Waleen, 52 Minn. 23, 53 N. W. 867; Mechanics Sav. Bank v. Thompson, 58 Minn. 346, 59 N. W. 1054. The indemnity was against the effect of valid liens upon the value of plaintiff's security. The breach of the condition of the bond occurred not later than when judgment was entered in the mechanics' lien action, establishing valid liens against the property. Strimling v. Union Indemnity Co. 172 Minn. 320, 215 N. W. 67. Plaintiff sues to recover for the loss or impairment of his security caused by the failure of defendant to pay established prior valid liens. When the breach of the condition of the bond occurred, he had a cause of action against defendant for such loss or impairment of his security as did then result from the paramount liens. The measure of damages was the depreciation in the value of his security so caused. Under the bond he was entitled to the security granted him by his mortgage free and clear of mechanics' liens. In a strict sense, he was entitled to have the property remain free of such liens, even if the property was of such value that there remained a sufficient equity therein, over and above all prior liens, to satisfy his mortgage. His actual damages in such case might be small or nominal.

The evidence of damages here was that the makers of the note and mortgage were insolvent; that, upon a public judicial sale of the property, the premises were sold, subject to the prior mortgage and lien judgment, for the sum of $15; and that the sale was confirmed by the court. The price obtained for property at a public sale by auction, whether under judicial sale or otherwise, is generally held to be competent evidence of value of the property. Navarre H. & I. Co. v. American Appraisal Co. 156 App. Div. 795,

142 N. Y. S. 89; Raymond Syndicate v. Guttentag, 177 Mass. 562, 59 N. E. 446; Maguire v. Pan-American Amusement Co. 211 Mass. 22, 97 N. E. 142; Koski v. Haskins, 236 Mass. 346, 128 N. E. 427; Appeal of Freeman, 71 Conn. 708, 43 A. 185; Loeb v. Stern, 198 Ill. 371, 64 N. E. 1043; Conroy v. Coughlon Auto Co. 181 Iowa, 916, 165 N. W. 200; Id. 186 Iowa, 671, 171 N. W. 10; Rogers v. Dent, 292 Mo. 576, 239 S. W. 1074, 26 A. L. R. 615; Rosenblatt v. Winstanley (Mo. App.) 186 S. W. 542; Perkins v. Ewan, 66 Ark. 175, 49 S. W. 569; First Nat. Bank v. American State Bank, 73 Colo. 254, 215 P. 473; Roy v. Clark (Mont.) 215 P: 232; Woolfolk v. Lyons, 22 Ky. L. R. 918, 59 S. W. 21; May v. Leverette, 164 Ga. 552, 139 S. E. 31; Moore v. Lachmund, 59 Or. 565, 117 P. 1123, Ann. Cas. 1913C, 1273.

Where personal property is resold for failure of purchaser to accept the goods, the price obtained at the resale is used as a measure of the loss and damage. White Walnut Coal Co. v. Crescent C. & M. Co. 254 Ill. 368, 98 N. E. 669, 42 L.R.A. (N.S.) 669, and cases cited in the notes. Where in a judicial sale proceeding the purchaser fails to complete the sale of real property and a resale is ordered, the price obtained at such resale fixes the value of the property and the measure of damages. District of Columbia v. McBlair, 124 U. S. 320, 8 S. Ct. 547, 31 L. ed. 449; Continental Tr. Co. v. Baltimore R. & H. Co. 120 Md. 450, 87 A. 947, 46 L.R.A. (N.S.) 887; Camden v. Mayhew, 129 U. S. 73, 9 S. Ct. 246, 32 L. ed. 608.

There is no apparent reason why the judicial sale on foreclosure of plaintiff's mortgage was not competent evidence on the question of value of the property and on the issue of damages. It was not conclusive, but, nothing to the contrary being shown, we hold that the trial court might well base its finding of damages thereon. There was sufficient evidence here to justify the court in finding that by the lien judgment the plaintiff's security was depreciated in value to the extent of $8,100.

■ It is urged that there are no sufficient findings of fact as to damages, and that the conclusions of law in plaintiff's favor are therefore not sustained by the facts found. The court found the

facts as hereinbefore stated, and found that by reason of defendant's breach of the condition of the bond the plaintiff's note had become worthless and his security had been lost. This left a net loss of $8,100, the balance due on the note. These findings are sufficient and sustain the conclusions of law. No serious question is raised as to the expense item of $103, and it is not apparent that any valid objection could be made thereto. Any objections to the complaint, now made, are concluded by the prior decision in this case hereinbefore cited [172 Minn. 320].

■ Defendant contends that plaintiff should have redeemed from the foreclosure of the first mortgage, that the loss suffered was caused by his failure so to do, and that thereby he lost all right to recover from this defendant. We are unable to sustain this claim. Plaintiff does not seek to recover for the loss of the title to the property nor the value of the property. He seeks to recover for loss of his security caused by the particular liens secured against by the bond. In Barron v. Mullin, 21 Minn. 374, there was a breach of an agreement to give security for the purchase of land. It was held that suit could be brought for breach of the agreement, even before the purchase price was due and payable, and that prima facie the value of the security was the amount of the sum to be secured. In the case of Mechanics Sav. Bank v. Thompson, 58 Minn. 346, 59 N. W. 1054, there was a breach of the condition of a bond to pay liens, the same as in the present case. The property was of the value of $3,500. The mortgage, to secure which the bond was given, was also for $3,500. Liens to the amount of $874.14 were filed and the property sold for that amount to pay the liens. The holder of the mortgage did not redeem, although there was an equity of more than $2,500 which he might have saved by a redemption. There, as here, it was claimed that plaintiff had lost his right to recover by failure to redeem. The trial court so held. On appeal the judgment was reversed, and it was held that plaintiff was entitled to recover substantial damages, at least to the extent of the lien judgment; that, to that extent at least, he had lost his security and could recover therefor without redeeming from the sale.

In the present case plaintiff, as he had a lawful right to do, foreclosed his mortgage and sold the property to a third party for what it would bring. The sale was made before the time for redemption from the foreclosure of the first mortgage had expired. Plaintiff no longer had a right to redeem. The purchaser at the foreclosure of plaintiff's mortgage could have redeemed but apparently did not. We are unable to hold that plaintiff was under any legal obligation to redeem. Here the lien judgment was for an amount greater than the amount owing on plaintiff's mortgage. Whether the damages be measured by the amount of the lien judgment or by the value of the property as established by the public sale, the result is the same. Of course plaintiff could not in either case recover more than the amount owing on his mortgage.

Judgment affirmed.

[1]Reported in 222 N. W. 514.