## STELLA DANIELSKI v. PIONEER BUILDING COMPANY AND ANOTHER.[1]

April 15, 1932.

No. 28,699.

*Katzmarek, Petzke & Warber,* for appellant.
*Melrin, Brown & Sherman,* for respondent.

DIBELL, J.

Action by the plaintiff to recover upon a bond made by the defendant Pioneer Building Company as principal and Federal Surety

[1]Reported in 242 N. W. 342.

Company as surety to protect Albin M. Danielski, the husband of the plaintiff, against mechanics' liens upon property about to be improved. Danielski it is claimed was the owner of a mortgage upon the land. Afterwards the bond and all rights of action upon it were assigned by him to the plaintiff. The surety company is the only defendant appearing or answering. At the close of the plaintiff's testimony the defendant surety company rested, without offering testimony, and moved for a verdict in its favor. The motion was granted. The plaintiff appeals from the order denying her motion for a new trial.

The bond was executed on April 2, 1926. In part it was as follows:

"The condition of this obligation is such, that whereas, the said Albin M. Danielski has heretofore loaned the said principal the sum of Two Thousand Eight Hundred and no/100 Dollars, and has taken as security therefor the note of said principal, secured by a mortgage on the following described premises situated in Hennepin County, Minnesota, to-wit:"

After describing the premises, it stated that:

"Certain improvements are about to be erected and constructed on said premises, consisting of one and one-half story, stucco, modern, single dwelling, more particularly described in the application for said loan of Two Thousand Eight Hundred and no/100 Dollars, to which reference is hereby made."

The surety company then covenanted that the bond should be void if the principal paid

"all claims of whatever nature or kind, for labor performed on, or material furnished in and about, the erection and construction of the improvements hereinbefore mentioned, located on the premises aforesaid, so that the said mortgage shall be and remain a first lien thereon; and if the said principal shall establish and maintain said mortgage as a first lien, prior to all other liens on said premises, then the above obligation to be void; otherwise to remain in full force and virtue."

There are other provisions of the bond not necessary of mention.

Later an action was brought to enforce mechanics' liens and was tried in the latter part of 1927. The plaintiff was a party, and Danielski was a party. The court decreed liens to the amount of $4,456.05 "prior and superior to all liens, claims and encumbrances against said premises." The land was sold pursuant to the judgment, and the sale was confirmed.

The bond further provided that the filing of a mechanic's lien should constitute a breach of the condition of the bond; that upon such filing an action might be maintained forthwith for the amount of the lien claims; that if in an action an order for judgment or a judgment was obtained, declaring any claims for labor or material on account of the improvements a lien on the premises, the files and proceedings in such action should be conclusive evidence as between the parties of the things they set forth; and that if the mortgagee or his successors should in case of foreclosure acquire title by purchase at the sale, such acquisition of title should not be a payment of the mortgage debt but the mortgagee should have the same right under the instrument as if the mortgage debt was still in force. Sometime in 1929 the bond was assigned to the plaintiff by her husband with whatever causes of action there were thereon.

To maintain a recovery on the bond the plaintiff must prove:

(1)   That Albin M. Danielski loaned $2,800 and took as security the note of the Pioneer company secured by a mortgage on the property.

(2)   That the defendant breached the bond in that it did not establish and maintain this mortgage as a lien prior to the mechanics' liens.

(3)   That the plaintiff suffered by the breach.

■ An action was brought by the Hennepin Lumber Company to foreclose mechanics' liens upon the property. The plaintiff, Stella Danielski, and her husband were made parties. The recital in the bond was evidence between the parties of the making of a note and mortgage for $2,800 by the Pioneer company to Albin M. Danielski.

Jefferson v. McCarthy, 44 Minn. 26, 46 N. W. 140; City of Minneapolis v. Republic Creosoting Co. 161 Minn. 178, 201 N. W. 414. And see Calkins v. Copley, 29 Minn. 471, 13 N. W. 904. There are other cases, arising on varying facts, holding the surety barred or estopped by a recital in the bond. Greengard v. Fretz, 64 Minn. 10, 65 N. W. 949; Board of Co. Commrs. v. State Bank, 64 Minn. 180, 66 N. W. 143; Board of Co. Commrs. v. American L. & T. Co. 67 Minn. 112, 69 N. W. 704; Red Wing S. P. Co. v. Donnelly, 102 Minn. 192, 113 N. W. 1, 120 A. S. R. 619; Wilcox v. Conley, 169 Minn. 179, 210 N. W. 887. We do not stop to discuss them. For present purposes it is enough that the recital in the bond of the making of a note and mortgage by the Pioneer company to Albin M. Danielski is evidence of the fact recited.

■ The bond provided that the filing of liens on account of improvements should constitute a breach of its conditions and that an action might be commenced forthwith for the amount of the lien claim without awaiting the enforcement of the claim as a lien. It seems that there was a breach as soon as the claims of lien were filed. The liens were foreclosed and the property sold. In any event there was a breach as early as the entry of the foreclosure judgment on May 1, 1928. City of Minneapolis v. Republic Creosoting Co. 161 Minn. 178, 201 N. W. 414; Strimling v. Union Indemnity Co. 172 Minn. 320, 215 N. W. 67; Id. 176 Minn. 26, 222 N. W. 512.

■ A building of the character described in the bond was constructed upon the property. Mechanics' liens were filed and foreclosed. The plaintiff and her husband were made parties to the foreclosure action. The plaintiff was found to be the owner of the property. There was no specific finding in the mechanics' lien suit as to her interest or the effect of the liens upon it. Judgment of foreclosure was entered on May 1, 1928. The sale was made on July 28, 1928, for $4,456.05 and was approved on September 10, 1928. No real question can be made that a finding of damage is not sustained. Strimling v. Union Indemnity Co. 176 Minn. 26, 222 N. W. 512, and cases cited.

As the case stood when the plaintiff rested, a recovery might be had. From the evidence the jury might find the essential facts.

It may be that the plaintiff cannot recover when further pertinent facts are developed. The full facts have not been presented. The plaintiff did not care to tell the whole transaction. The defendant surety company did not choose to tell anything more about it. Its motion for a directed verdict should not have been granted.

Order reversed.