AMEDE MORIN *v.* CHARLES H. HOOD.

*Russell H. McGuirk* for the plaintiff.

*Guertin & Leahy* (*Mr. Guertin* orally), for the defendant.

LAMPRON, J. The defendant having proceeded with the introduction of evidence after the denial of his motion for a nonsuit, the question before us on his exception is whether upon the whole case there was evidence to sustain the verdict for the plaintiff. *Lane v. Manchester Mills,* 75 N. H. 102, 106; *Leonard* v. *Manchester, ante,* 115, 117. We think there was.

The plaintiff as mortgagee under this recorded mortgage had sufficient legal interest in the fixtures covered thereby to maintain an action for conversion against any one who sold them without his consent. *Knapp* v. *Hobbs,* 50 N. H. 476; *Cf. Munsey* v. *Company,* 91 N. H. 51, 54. His action can be maintained against an auctioneer who sells such property on order of the mortgagor even if he does so in good faith and without knowledge of the rights of the mortgagee. *Levy Bros. & Adler Rochester v. Karp,* 209 N. Y. S. 720; 5 Am. Jur. 489; 7 C. J. S. 1270.

The defendant at the time of sale made a written record of the description of the articles sold. This record was introduced in evidence. It showed that most of the fixtures sold at the auction, held less than nine months after the execution of the mortgage, were of the same type as those described in plaintiff's mortgage. There was no evidence that they had been replaced by Robinson during that interval. This was sufficient to warrant a finding by the Court that they were the fixtures covered by the mortgage. 53 Am. Jur. 942; see *Exchange State Bank* v. *Occident Elevator Co.,* 95 Mont. 78.

The plaintiff was therefore entitled to the value at the time of conversion of the mortgaged fixtures converted with interest to the date of judgment. *Caron Enterprises Inc.* v. *Company,* 87 N. H. 371, 373.

The written record kept by the defendant at the time of the auction also showed the price received for each article. This evidence properly admitted in the discretion of the Trial Court was sufficient to warrant the Court's finding as to the amount of damages sustained by the plaintiff. *Kelsea* v. *Fletcher,* 48 N. H. 282, 284; *Flinn* v. *Springsteel,* 191 App. Div. (N.Y.) 769; *Strimling* v. *Indemnity Company,* 176 Minn. 26; 31 C.J.S. 897; 20 Am. Jur. 340.

The order must be

*Judgment on the verdict.*

All concurred.